LUCIUS A. WARREN, ADMINISTRATOR, PLAINTIFF IN ERROR, V. FERDINAND ENGLEHART, DEFENDANT IN ERROR.

1. **Descent and Distribution of Estates**: CONSTRUCTION OF STATUTE. The phrase "next of kin" includes such persons as are entitled to inherit the personal estate of a deceased person. Under our statute of descent and distribution a husband does not inherit his wife's personal estate, and is not the next of kin.

2. **Right of Husband to sue for death of Wife.** A husband, as executor, cannot maintain an action under the statute approved Feb. 25, 1873, for the death of his wife, unless it appear that there are next of kin entitled to the amount to be recovered.

3. ———: PLEADING. If the petition in such case fails to state facts showing the existence of next of kin, it will not state a cause of action.

ERROR to the district court for Butler county. Tried below before POST, J.

*Sibbet & Fuller* and *Phelps & Thomas*, for plaintiff in error, cited *Steel v. Kurz*, 28 Ohio State, 191.

*Myers & Evans* and *Whitmoyer, Gerrard & Post*, for defendant in error, cited: *Wilson v. Bumstead*, 12 Neb., 1. Code, sec. 454. *Woodward v. C. & N. W. R. R.*, 23 Wis., 400. *Railway Co. v. Keely*, 23 Ind., 133. *Stafford v. Drew*, 3 Duer, 627. *Commonwealth v. R. R.*, 11 Cush., 517. Comp. Stat., 215, 232. 2 Kent's Com., 136. 2 Bouvier Law Dic., title "Next of kin."

MAXWELL, J.

This is an action by the plaintiff as administrator of the estate of Esther Warren, deceased, to recover damages for her death, which it is alleged was caused by the defendant. An answer and reply were filed which need not be considered. On the trial of the cause in the court below

the defendant objected to the introduction of any testimony on the part of the plaintiff for the reason that the petition did not state facts sufficient to entitle him to any relief. The objection was sustained and the action dismissed.

The questions presented to this court are :   *First.* ·  Can a husband under the civil damage act, Feb. 25, 1873, recover for the death of his wife?   *Second.*   Under our statute of descent and distribution does the husband in any case inherit the wife's personal estate?

Sec. 2 of the civil damage law is as follows:   "That every such action shall be brought by and in the names of . the personal representatives of such deceased person, and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proportion provided by law in relation to the distribution of personal property left by husbands dying intestate; and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, to the wife and next of kin of such deceased person, not exceeding the sum of five thousand dollars."   Comp. Stat., chap. 21.

As the damages are given to the widow and next of kin, the word . "widow" being used twice, and "wife" once, it is very clear that no right of action is given to the husband unless he is within the designation "next of kin." The question perhaps is not entirely free from difficulty, particularly in view of the decision from Ohio, which will hereafter be noticed.

Bouvier says, this term (next of kin) is used to signify the relations of a party who has died intestate.   2 Law Dict., 226.   The term "next of kin" embraces only that class of persons to whom at common law administration of the estate of the deceased would be committed in case of intestacy.   1 Wm.'s Exrs., 281.  Willard's Exrs., 154.

The phrase comprehends all those persons who are entitled to inherit personalty under the statutes of descent and distribution. The question is therefore presented, does the husband, in case of the wife's death without issue, inherit her personal estate?

Sec. 30 of our statute in relation to decedents provides that "when any person shall die seized of any lands, tenements, or hereditaments, or of any right thereto, or entitled to any interest therein in fee simple, or for the life of another, not having lawfully devised the same, they shall descend, subject to his debts, in the manner following:

"*First.* In equal shares to his children, and to the lawful issue of any deceased child by right of representation; and if there be no child of the intestate living at his death, his estate shall descend to all his other lineal descendants; and if all the said descendants are in the same degree of kindred to the intestate, they shall have the estate equally; otherwise they shall take according to the right of representation.

"*Second.* If he shall leave no issue, his estate shall descend to his widow during her natural lifetime, and after her decease to his father; and if he shall leave no issue, nor widow, his estate shall descend to his father.

"*Third.* If he shall leave no issue, nor widow, nor father, his estate shall descend in equal shares to his brothers and sisters, and to the children of any deceased brother or sister, by right of representation. *Provided,* That if he shall leave a mother also, she shall take an equal share with his brothers and sisters.

"*Fourth.* If the intestate shall leave no issue, nor widow, nor father, and no brother nor sister living at his death, his estate shall descend to his mother, to the exclusion of the issue, if any, of the deceased brother and sister.

"*Fifth.* If the intestate shall leave no issue, nor widow, and no father, mother, brother, nor sister, his estate shall descend to his next of kin in equal degree, excepting that

when there are two or more collateral kindred in equal degree, but claiming through different ancestors, those who claim through the nearest ancestor, shall be preferred to those claiming through an ancestor more remote. *Provided, however,*

"*Sixth.* If any person shall die, leaving several children, or leaving one child, and the issue of one or more other children, and any such surviving child shall die under age, and not having been married, all the estate that came to the deceased child, by inheritance from such deceased parent, shall descend in equal shares to the other children of the same parent, and to the issue of any such other children who shall have died, by right of representation.

"*Seventh.* If, at the death of any such child who shall die under age, and not having been married, all the other children of his said parent shall also be dead, and any of them shall have left issue, the estate that came to said child by inheritance from his said parent shall descend to all the issue of other children of the same parent, and if all the said issue are in the same degree of kindred to said child, they shall share the said estate equally, otherwise they shall take according to the right of representation.

"*Eighth.* If the intestate shall leave a widow, and no kindred, his estate shall descend to such widow.

"*Ninth.* If the intestate shall have no widow nor kindred, his estate shall escheat to the people of the state." Comp. Stat., 215—16.

Sec. 176 provides that personal estate shall be distributed in the same proportion to the same persons, and for the same purposes as prescribed for the descent and disposition of real estate, except that the widow, if any, shall be entitled to receive the same share as a child of the intestate would be entitled to.

It will be seen that there is no provision that the husband shall inherit from the wife, and this is one distinction

between the case of *Steel v. Kurz*, 28 Ohio State, 197, and the case at bar. The statute of Ohio provides that, "if there be no children or their legal representatives, the estate shall pass to and be vested in the husband, wife, or relict of such intestate." But as there is no such provision in our statute, the husband does not inherit from the wife, and therefore is not within the meaning of the phrase "next of kin."

2. There can be no recovery unless it appears from the petition that there is some one in existence entitled under the statute to the amount recovered. In other words, it must appear that there is a widow, or some person next of kin, to entitle the administrator to recover. *Woodward v. C. & N. W. R. R. Co.*, 23 Wis., 400. *Commonwealth v. Boston R. R. Co.*, 11 Cush., 517. *Stafford v. Drew*, 3 Duer, 627. *Railway Co. v. Keely's administrator*, 23 Ind., 133. There are no allegations in the petition from which it appears that there are in existence any of the next of kin of Esther Warren. This being so the court did not err in excluding evidence, as the petition fails to state a cause of action. The judgment must therefore be affirmed.

JUDGMENT AFFIRMED.