WM. H. HARDY ET AL., PLAINTIFFS IN ERROR, V. WM. W. RIDDLE ET AL., DEFENDANTS IN ERROR.

1. **Adverse Possession.** The evidence examined, and *Held*, To sustain the finding of the district court that the possession of the real estate involved in the suit had been held adversely and continuously by the defendant and his grantors for more than ten years prior to the commencement of the action.

2. **Ejectment:** STATUTE OF LIMITATIONS. Where plaintiffs in an ejectment suit claim title through their father, deceased, and it appears that the statute of limitations began to run against him during his life-time, his death and their minority does not arrest it, and if it has run the full statutory period, the possession of the defendant being actual and adverse from the beginning, plaintiffs are barred of their right to recover.

ERROR to the district court for Lancaster county. Tried below before FIELD, J.

*John S. Gregory,* for plaintiffs in error, cited : *Baldwin v. Merriam,* 16 Neb., 47. *Gregory v. Lincoln,* 13 Neb., 357. *Macher v. May,* 4 Bibb, 43. *South v. Thomas,* 7 Monroe, 60.

*Lamb, Ricketts & Wilson,* for defendants in error, cited : *McKesson v. Hawley,* 22 Neb., 692. *Clark v. Potter,* 32 Ohio State, 49. *Waldo v. Rice,* 14 Wis., 386. *Clark v. Richards,* 15 New Jersey Law, 347. *Currier v. Sale,* 3 Allen, 328.

REESE, CH. J.

This was an action in ejectment instituted by plaintiffs against defendants, for the possession of the north-west quarter of section 6 in township number 11 north, of range number 6 east, in Lancaster county. It is alleged in the petition that plaintiffs are the children and the sole

surviving heirs of Thomas Hardy and Annie Hardy, now deceased, and that they have a legal estate in and are entitled to the premises in dispute, their father having died seized thereof by a title in fee simple.

To the petition the defendants made separate answers. That of Elizabeth Riddle consisted of a general denial and a plea of the statute of limitations. The answer of William Riddle consisted of a general denial. The cause was tried to the court without the intervention of a jury, the result being a judgment in favor of defendants.

The trial was had upon a written stipulation of facts and the oral testimony of the two witnesses named therein. The stipulation is as follows:

"1st. That the land described in the pleadings was patented in Thomas Hardy on the second day of May, 1870.

"2d. That William H. Hardy and Ida Ball are children of Thomas Hardy, and his sole heirs.

"3d. That the depositions of Ida Ball and C. C. White may be read in evidence by the plaintiffs or defendants.

"4th. That the neighbors residing in the vicinity of this land will testify that Thomas Hardy left that neighborhood about ten or twelve years ago, and that they have not since heard from him or known of his whereabouts.

"5th. That on the 6th day of August, 1872, Thomas Hardy executed and delivered a trust deed to L. W. Billingsley, of record book 'E' of mortgages, 442, in the register of deeds' office of Lancaster county, which is hereby put in evidence.

"6th. That on the 11th day of May, 1875, Billingsley, as trustee, executed and delivered a deed of said property to Charles Cameron, which is of record at page 402, deed record Q of Lancaster county, Nebraska, the record of which deed is hereby put in evidence.

"7th. That Charles Cameron immediately on the execution of said deed to him by Billingsley, as trustee, en-

tered into the actual possession of said property, claiming title thereto by virtue thereof.

"8th.    That on the 9th day of March, 1878, Charles Cameron and wife executed and delivered a deed of said land to one Louis Kline, and at the same time delivered to him his possession of said premises, who held said premises claiming title thereto.  Said deed is recorded at page 558 of record 'W' of Lancaster county, which is hereby put in evidence.

"9th.    That on the 21st day of March, 1878, Louis Kline signed, executed, and delivered a warrantee deed of said premises to Samuel Riddle, and at the same time delivered to him his possession thereof, who entered and held the same claiming title.  Said deed recorded at 24, deed record 'X' of Lancaster county, which is hereby put in evidence.

"10th.    That on the 3d day of December, 1881, Samuel Riddle and wife executed  and delivered a deed of said premises to James M. Riddle, and at the same time delivered his possession to James Riddle, who held said premises under said deed under claim of title, which deed should be put in evidence, which deed is of record at page 442 of deed record 10.

"11th.    That on the 11th day of February, 1882, James Riddle died, while still residing on said premises, leaving a wife, the defendant, Elizabeth Riddle, and William W. Riddle, one of his heirs, being the other defendant in this case; that since the death of James Riddle the defendants have had the actual possession of said premises under a claim of title.

" 12th.    It is further agreed that jury trial be and hereby is waived and this cause tried to the court without the intervention of a jury."

The oral testimony was to the effect that Thomas Hardy, plaintiffs' father, disappeared from his home in 1874 or 1875, saying he was going to Wisconsin on business, and

that he had not been heard from since his departure, and that Annie Hardy, their mother, died in Lancaster county in 1873, and that plaintiffs were the only heirs, Annie being twenty-six and William twenty-three years of age.

The principal contentions of plaintiffs in error are, that the proof does not show a continuous possession of the property by defendants in error during the ten years next preceding the commencement of the action; and that if it does the statute of limitations did not run as against plaintiffs, they being minors; and that such possession was not adverse to them, it being under and by virtue of the trust deed or mortgage given by Thomas Hardy, there being no legal foreclosure thereof.

As to the first contention, that continuous possession is not shown, we are of the opinion that it sufficiently appears. On the 11th day of May, 1875, the land was deeded to Charles Cameron, by the trustee, and Cameron immediately entered into the actual possession thereof. Immediately upon each conveyance being thereafter made the possession was delivered to the grantee, who in turn placed his grantee in possession. There is nothing which tends to show that the possession of the land was ever at any time abandoned, or that there was at any time an adverse holding. There is sufficient to show *prima facie* a continuous possession.

It also appears that the possession was adverse to the rights of plaintiffs. When Cameron entered into possession it was as owner under his deed from Billingsley, which was intended for and purported to be a conveyance of the whole title. This was sufficient. *McKesson v. Hawley*, 22 Neb., 692.

It seems to be conceded that if the possession of Cameron and his grantees was adverse to plaintiffs, the statute began to run against Thomas Hardy in his life-time, but it is contended by plaintiffs that his death and the minority of plaintiffs arrested the running of the statute until their

43

majority, and therefore their action is not barred.    It is true that some authorities are found which sustain the theory contended for, but the great majority of the American decisions we think are the other way, and it seems to us to be the settled law of this country that when the statute begins to run as against the father his death and the minorty of his children or other heirs will not arrest it, and if it has run the statutory period before the commencement of the action, the bar is as complete as though he had lived through the whole of the time of the statutory period of limitations.    Of the many cases cited by defendants in error, we cite only *Tyler v. Tyler*, 2 S. W. Rep., 466, *DeMill v. Moffat*, 13 N. W. Rep., 387, and *Clarke v. Richards*, 3 Green (N. J.), 347.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.