ANNIE MCNEILL ET AL., APPELLANTS, v. MATTHIAS SCHUMAKER, APPELLEE.

FILED OCTOBER 31, 1913.  No. 17,380.

1. Mortgages: FORECLOSURE: REDEMPTION: LIMITATIONS. Where the purchasers at a foreclosure sale, which is claimed to be void on account of defective proceedings, took actual possession, claiming title, and they and their grantees have held the same adversely for more than ten years after the attainment of their majority by the heirs of the mortgagor, the right to redeem from the mortgage and to recover the possession of the land is barred.

2. Limitation of Actions: . INFANTS: TOLLING THE STATUTE. "The fact that certain of the plaintiffs in such an action are minors, who claim title through descent, does not toll the statute, where it appears that the statute had commenced to run during the lifetime of their ancestors." *Lyons v. Carr*, 77 Neb. 883.

APPEAL from the district court for Platte county: GEORGE H. THOMAS, JUDGE. *Affirmed.*

*Allen G. Fisher, William P. Rooney* and *Andrew M. Morrissey,* for appellants.

*John J. Sullivan, James Rait* and *Reeder & Lightner,* contra.

LETTON, J.

This is an action to quiet title and to redeem from a mortgage lien. Thomas O'Neill died in September, 1886, seized of 240 acres of land. Plaintiffs are his widow and

heirs.   The tract of 160 acres involved in this case, with
80 acres more involved in the case of *McNeill v. Storitz,*
p. 547, *post,* comprised the tract upon which O'Neill and
his wife, now Anna McNeill, executed the mortgage of
which redemption is sought.   In 1889 the mortgage was
foreclosed in an action in which the widow and heirs were
made parties defendant.   An order of sale was issued and
the land sold to Messrs. Sullivan and Reeder on Decem-
ber 28, 1889.   The sale was confirmed on January 27, 1890,
and a sheriff's deed executed and delivered to the pur-
chasers, which was recorded on January 28, 1890.    The
purchasers immediately thereafter took possession of the
property, and they and their grantees have continued in
the sole, open and notorious possession of the same, claim-
ing to be the exclusive owners, ever since, paying all taxes,
and making valuable improvements thereon.

The plaintiffs allege that the proceedings to foreclose
the mortgage were defective and void, and that the sale
was unauthorized for a number of reasons.   The defend-
ant contends that the foreclosure and sale were regular
in all respects, but the only defense which it is necessary
to notice is that the action is barred by the statute of
limitations.    The petition alleges that when the father
died in September, 1886, John was of the age of 10 years
and Charles was 8 years of age; that Delia was born
March 6, 1883; that Mary was born in August, 1880, and
Willie in May, 1886; that Mary married one Cave, and
died August 1, 1900, leaving two children, the plaintiffs
Ora May and Vern Cave.   By these allegations it is shown
that John O'Neill became of full age in 1897, and Charles
became of full age in 1899.   The evidence of the mother
shows that Delia was born on March 6, 1882, instead of
1883, as alleged; she, therefore, attained her majority on
March 6, 1900.   It is also shown that Willie died in 1891,
aged five years.  The mother also testified that her daughter
Mary was married four or five years before she died.   This
seems to be the only testimony in the record in regard to
the date of her marriage.   Under the statute her minority

38

terminated upon her marriage, which was at least four years before August, 1900. At that time the grantees in the sheriff's deed and their grantees had been in the actual, open and notorious possession for five or six years, claiming title. Even if we should consider that the statute did not begin to run as to Mary until she was 18 years old, instead of at her marriage, this event occurred in August, 1898; ten years from that time, or August, 1908, would be the latest date upon which a suit could have been begun by her if she still lived. She died in 1900, leaving two minor children, who are plaintiffs in this case.

It is an established principle that where the statute of limitations has begun to run before the death of a person then entitled to maintain a suit for possession, his death does not toll the statute, but it continues to run as against his heirs. *Hardy v. Riddle*, 24 Neb. 670; *Ballou v. Sherwood*, 32 Neb. 666; *Lyons v. Carr*, 77 Neb. 883. No action, therefore, would lie on the part of the Cave heirs after August, 1908. To recapitulate, the statute had run against Mrs. McNeill in 1900, against John in 1907, against Charles in 1909, against Delia on March 6, 1910, and against Mary and her heirs in August, 1908. This action was begun in November, 1910, more than 10 years after the disability of each of the surviving children and heirs of Thomas O'Neill had ceased, and more than 10 years after the statute had begun to run as against Mrs. Cave and her children. The evidence also shows that Mrs. McNeill had always asserted to the children and family that her rights in the land had never been barred, yet, with this knowledge, none of them had ever sought to disturb the hostile possession of the defendant or his grantors. While it would seem from a cursory examination of the record that the court had full jurisdiction in the foreclosure proceedings, we think it unnecessary to consider this matter, for the reason that, even if all the proceedings were void for want of jurisdiction, the right to redeem or recover the land was barred before the present action was begun.

The judgment of the district court must, therefore, be

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.