BERNARD J. CARDEN ET AL., APPELLANTS, V. PATRICK MC-
GUIRK ET AL., APPELLEES.

FILED DECEMBER 31, 1923. No. 22588.

1. Limitation of Actions: TRUST PROVISIONS OF WILL. The statute
of limitations ordinarily begins to run against a suit to set aside
certain trust provisions in a will as being indefinite and void
when the will is probated and an executor is appointed.

2. ———: TOLL OF STATUTE. Where the statute of limitations
begins to run before the death of a person entitled to maintain
a suit for an interest in real estate, his death does not toll the
statute, but it continues to run against his heirs.

3. ———: PETITION. A petition which shows upon its face that
the action is barred by the statute of limitations is subject to a
general demurrer.

APPEAL from the district court for Dixon county. GUY
T. GRAVES, JUDGE. *Affirmed.*

*Henderson, Fribourg & Hatfield* and *W. D. McCarthy*, for
appellants.

*J. J. McCarthy* and *A. R. Davis*, contra.

Heard before MORRISSEY, C. J., LETTON, DAY and GOOD,
JJ., REDICK, District Judge.

LETTON, J.

The petition in this case alleges in substance that plain-
tiffs were the owners of about 200 acres of land in Dixon
county, by inheritance from Thomas McClusky; that Mc-
Clusky died on February 26, 1900, leaving a will, a copy
of which is made a part of the petition; that the will, in
so far as it provides a trust fund for masses for the repose
of the soul of the testator, is void, the trust provisions be-
ing too indefinite, and that the plaintiffs are each entitled
to the shares of the intestate estate as set forth in the peti-
tion; that the will was probated, and on March 26, 1900,
defendant Patrick McGuirk was appointed executor; that
on July 23, 1901, McGuirk fraudulently and wrongfully
conveyed the real estate of the decedent to one Patrick
Gunn, his brother-in-law, without consideration, for the

Carden v. McGuirk.

purpose of cheating and defrauding these plaintiffs, and with the understanding and arrangement that Gunn would at a later date convey the real estate to the executor or to some person acting for him; that on March 3, 1916, Gunn, in pursuance of this fraudulent scheme, conveyed the real estate to Catherine McGuirk, the wife of the executor, and he and his wife are now claiming title to the same; that plaintiffs did not discover this fraudulent intent and purpose until January, 1920; that, if there was any consideration for the conveyance from Gunn to Mrs. McGuirk, it was furnished by her husband. The prayer is that the fee title to the real estate be quieted in plaintiffs, that defendants be barred from claiming any interest in the same, and that the trust provisions of the will be declared void. A general demurrer to the petition of plaintiffs was sustained by the district court, and the action dismissed.

The petitioners, who are the grandchildren of Thomas McClusky, base their right to relief upon two separate and distinct grounds. The first question presented is whether the allegations as to the fraudulent sale to the executor, or to his wife for his benefit, state a cause of action.

It is the duty of an executor to act in good faith toward the estate of which he is a trustee. It is also unlawful for him to become a purchaser, either directly or indirectly, at any sale of the real estate belonging to the estate of which he is executor. Comp. St. 1922, sec. 1408; *Johnson v. Erickson,* 110 Neb. 511. Such sales are voidable, but not void. *Veeder v. McKinley-Lanning Loan & Trust Co.,* 61 Neb. 892. Ordinarily a fraudulent sale by an executor will be set aside at the suit of interested parties. But they must act with reasonable diligence. Plaintiffs derive all their interest, if any, in the estate by inheritance from their respective parents. There is nothing in the petition to show that each of these parents did not have full knowledge of the facts with respect to the alleged fraudulent scheme as soon as the deed from McGuirk to Gunn was executed and placed of record, or that any of them were dead when the will was probated and the deed recorded, or that they had no knowl-

edge before their respective deaths. If the parents had such knowledge, the fact that it was not imparted to the children would be entirely immaterial. The statute of limitations having commenced to run as against the parents, their death thereafter did not toll it as to the children. *Lyons v. Carr,* 77 Neb. 883; *McNeill v. Schumaker,* 94 Neb. 544. The will was probated in March, 1900. The alleged fraudulent conveyance to Gunn was made and recorded July 23, 1901. The respective parents of the plaintiffs might each have had full knowledge and notice of the fraud and lived for years after this time so far as the petition shows. A petition which shows on its face that an action is barred by the statute of limitations is subject to a general demurrer. *Peters v. Dunnells,* 5 Neb. 460; *Eayrs v. Nason,* 54 Neb. 143. This point is not argued in the brief of the appellees, but the demurrer is general, and we are not advised upon what ground the trial court held the petition vulnerable. The mere fact that appellees have not called attention to this fatal defect. in the petition does not prevent this court from noticing it. The demurrer was properly sustained as to these allegations.

As to the second point: The alleged invalidity of the trust provisions of the will was as plainly manifest when the will was probated as it is now. The petition was filed 20 years afterward. The law aids the vigilant, and not those who have slept upon their rights for such a period of time. The same principles apply in this connection as discussed with reference to the attack on the conveyance made by the executor.

AFFIRMED.