United Materials, Inc., a corporation, appellant, v. Albert L. Landreth, appellee.

244 N. W. 2d 164

Filed July 14, 1976. No. 40526.

Michael V. Smith of Smith & King, and Harry R. Henatsch of Katskee & Henatsch, for appellant.

Fisher & Fisher, for appellee.

Heard before White, C. J., Spencer, Boslaugh, McCown, Newton, Clinton, and Brodkey, JJ.

McCown, J.

The plaintiff employer filed its petition on August 23, 1974. One cause of action sought to recover amounts paid and to be paid as death benefits under the Workmen's Compensation Act for the death of an employee on April 10, 1972, resulting from an automobile accident allegedly caused by the negligence of the defendant. The District Court sustained defendant's demurrer and dismissed the cause of action.

The parties have agreed to a case stated, duly certified by the trial court. On April 10, 1972, a truck owned by the plaintiff, United Materials, Inc., a corporation, and operated by Joseph L. Westman, an employee of the plaintiff, was involved in an accident with the defendant, Albert L. Landreth, the owner and operator of a pickup truck, on State Highway No. 87 in Sheridan County, Nebraska. As a result of that accident, Joseph L. Westman died. No administration of the estate of Joseph L. Westman was initiated in any court, and no personal representative was appointed to represent Elizabeth Westman, his surviving spouse, or any of his next of kin. No action for wrongful death was filed by any party at any time.

Under the provisions of the Nebraska Workmen's Compensation Act, plaintiff became obligated to, and did, pay benefits to the widow of Joseph L. Westman, which obligation continues throughout her lifetime.

The plaintiff's first cause of action was for the damages to its truck, and the second cause of action was for the death benefits paid and to be paid under the Nebraska Workmen's Compensation Act. The defendant demurred upon grounds inter alia that the petition did not state facts sufficient to constitute a cause of action, and that the plaintiff had no legal capacity to sue. The District Court sustained the demurrer as to the second cause of action, holding that the type of action which may be initiated by an employer pursuant to section 48-118, R. R. S. 1943, for recovery of death benefits

paid pursuant to the Workmen's Compensation Act by subrogation to the right of the deceased employee or his dependents, could not be maintained unless a personal representative of the deceased employee had first filed a wrongful death action within 2 years of the death of the deceased employee.

The plaintiff contends that section 48-118, R. R. S. 1943, provides for a separate action by an employer against a third party for death benefits paid to the family of a deceased employee, and that such an action is not dependent upon a wrongful death action being first filed by the legal representative of the deceased employee within the 2-year statute of limitations provided for wrongful death actions.

Section 48-118, R. R. S. 1943, provides, among other things, that: "Where a third person is liable to the employee or to the dependents, for the injury or death, the employer shall be subrogated to the right of the employee or to the dependents against such third person * * *."

Section 30-810, R. R. S. 1943, provides that every wrongful death action "shall be commenced within two years after the death of such person. It shall be brought by and in the name of his personal representatives, for the exclusive benefit of the widow or widower and next of kin."

This court, in construing the provisions of the Workmen's Compensation Act and the wrongful death statutes together to give effect to both, has held that an employer can bring an action directly against a third party tort-feasor for injuries suffered by an employee but that only the personal representative of the deceased employee can bring an action for wrongful death. The leading case is Luckey v. Union Pacific R.R. Co., 117 Neb. 85, 219 N. W. 802. In that case we said: "Under the workmen's compensation law, an employer, to the extent of his liability for compensation, is subrogated to the rights of the employee and the dependents and may

bring and prosecute an action against a third person for the latter's negligence where it resulted in personal injury to, but not in the death of, the employee. * * * An action against a wrongdoer for negligence resulting in the death of another person must be brought in the name of the latter's personal representative who is the administrator of decedent's estate. * * * The workmen's compensation law does not create a new, or any, cause of action against a wrongdoer for negligently causing the death of another person, nor authorize the widow of a deceased workman nor the dependents nor the administrator nor the employer to bring or prosecute such an action."

The plaintiff contends that the Luckey case did not contemplate the situation where the dependents of a deceased employee failed, neglected, or refused to have a personal representative appointed for the estate of the deceased employee. The argument is that under such circumstances the employer has no standing to seek damages from a negligent third party and, therefore, is effectively deprived of the subrogation right granted to him.

That argument assumes that the employer has no right or authority to bring any proceeding for the appointment of an administrator in the estate of the deceased employee. Under section 30-315, R. R. S. 1943, if no application for administration has been filed by a widow or next of kin for 30 days after death, the administration may be granted to one or more of the principal creditors if any are competent and willing to take it, or may be committed to such other person or persons as the judge of probate may think proper. If the employer deemed it advisable to bring an action for wrongful death to recover death benefits paid or payable, there was nothing to prevent the filing of a petition for the appointment of an administrator of the deceased employee's estate.

An employer's subrogation rights with respect to a

statute of limitations can be no better than the rights of those through whom he is subrogated. A wrongful death action cannot be maintained under the provisions of sections 30-809 and 30-810, R. R. S. 1943, unless it is commenced within 2 years after the death.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.

CLINTON, J., concurs in the result.