MARY RHEIN, PERSONAL REPRESENTATIVE OF THE ESTATE OF WILLIAM P. RHEIN, DECEASED, AND BARTON FORD, DOING BUSINESS AS FORD FARMS, APPELLANTS, V. CATERPILLAR TRACTOR CO., A FOREIGN CORPORATION, ET AL., APPELLEES.

314 N.W.2d 19

Filed January 4, 1982. No. 43678.

R. Steven Geshell of Robak & Geshell for appellants.

John A. Rickerson of Rickerson & Welch for appellee Missouri Valley.

Ronald F. Krause of Cassem, Tierney, Adams, Gotch & Douglas for appellees Hartford Sand and Gravel and Rogert.

William J. Brennan, Jr., and George Penry of Fitzgerald, Brown, Leahy, Strom, Schorr & Barmettler for appellee Caterpillar.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

KRIVOSHA, C.J.

The appellant Mary Rhein (Rhein), as personal representative of estate of William P. Rhein, deceased (decedent), appeals from an order entered by the District Court for Douglas County, Nebraska, sustaining a motion for summary judgment filed by the appellees, Caterpillar Tractor Co. (Caterpillar), Missouri Valley Machinery Co. (Missouri Valley), Hartford Sand and Gravel Co. (Hartford Sand), and Donald N. Rogert (Rogert). In sustaining the motion for summary judgment the trial court dismissed the plaintiffs' petition.

We believe that the trial court was correct in sustaining the motion for summary judgment and dismissing the action, and therefore we affirm the judgment of the trial court.

Decedent was employed by Ford Farms of Valley, Nebraska. On October 17, 1975, he was operating a D-8 bulldozer on a site-clearing project where he was attempting to spread two tree trunks with the bulldozer. While doing so, one of the branches of a tree fell on him, crushing him to death in the seat of the bulldozer. The bulldozer had been either manufactured or sold by the various defendants.

For reasons which do not appear in the record, no wrongful death action was commenced by the personal representative of the decedent on behalf of his widow or next of kin, pursuant to the provisions of Neb. Rev. Stat. § 30-809 (Reissue 1979), which provides in part: "Whenever the death of a person shall be caused by the wrongful act, neglect or default, of any person, company or corporation, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured . . . ." A wrongful death action, under the provisions of § 30-809, must be brought within 2 years of the date of the decedent's death or is thereafter barred. Neb. Rev. Stat. § 30-810 (Reissue 1979).

Instead of bringing the wrongful death action within 2 years of death, decedent's personal representative filed suit against the various defendants in this case in the District Court for Douglas County, Nebraska, on September 26, 1979, more than 2 years but less than 4 years after decedent's death. By its amended petition, Rhein claimed that by reason of various acts of alleged negligence committed by some or all of the defendants,

the bulldozer upon which the decedent was riding at the time he was killed was defectively designed and manufactured, and as a result thereof the decedent was killed. The action sought to recover damages which the decedent would have been entitled to recover had he lived, as opposed to damages which the beneficiaries might seek to recover under the wrongful death act.

The parties each acknowledge that there is but a single question involved in this case. As stated by Rhein, the question is whether the decedent has a cause of action separate from the personal representative's cause of action under the Lord Campbell Act for the decedent's loss of future earning capacity and enjoyment of life which survives his death and is recoverable by his personal representative on behalf of decedent's estate even though the wrongful death cause of action is barred by the 2-year statute of limitations. The trial court answered that question in the negative and dismissed the action. As we have already indicated, we agree with the trial court.

Both at common law and in this jurisdiction prior to 1867, a cause of action for injuries to the person did not survive on the death of either the person injured or the wrongdoer, and a pending action for such an injury abated on the death of either the plaintiff or the defendant. See, 1 C.J.S. *Abatement and Revival* § 144 (1936); *Wilson v. Bumstead*, 12 Neb. 1, 10 N.W. 411 (1881); *Warren v. Englehart*, 13 Neb. 283, 13 N.W. 401 (1882); *Swift v. Sarpy County*, 102 Neb. 378, 167 N.W. 458 (1918); *Gengo v. Mardis*, 103 Neb. 164, 170 N.W. 841 (1919); *Hindmarsh v. Sulpho Saline Bath Co.*, 108 Neb. 168, 187 N.W. 806 (1922); *Egbert v. Wenzl*, 199 Neb. 573, 260 N.W.2d 480 (1977).

It was only by reason of the enactment of the survivorship statutes, Neb. Rev. Stat. §§ 25-1401 and 25-1402 (Reissue 1979), in 1867 and the adoption of a form of the Lord Campbell Act in 1873 that the common-law rule was, in any manner, changed, and then only to the limited extent provided by statute.

As we noted in *Gengo v. Mardis, supra* at 170, 170 N.W. at 843: "Before the passage of the Lord Campbell Act, there was no provision for damages growing out of injury by death, and this act [Lord Campbell Act] meets that situation."

The Lord Campbell Act did create a new cause of action. The difference, however, is that the cause of action created by the Lord Campbell Act was not for the decedent but, rather, for the exclusive benefit of the widow or widower and next of kin of the decedent. See § 30-810. The plain language of the Lord Campbell Act does not entitle the personal representative to bring suit for damages arising after the date of the death of the decedent on behalf of anyone other than the widow, widower, or next of kin. See *United Materials, Inc. v. Landreth*, 196 Neb. 525, 244 N.W.2d 164 (1976).

The survival statute, on the other hand, does not create a new cause of action but merely preserves whatever cause of action was in existence on the date upon which the decedent died. Section 25-1401 provides: "In addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to real or personal estate, or for any deceit or fraud, shall also survive, and the action may be brought, notwithstanding the death of the person entitled or liable to the same." And § 25-1402 provides: "No action pending in any court shall abate by the death of either or both the parties thereto, except an action for libel, slander, malicious prosecution, assault, or assault and battery, or for a nuisance, which shall abate by the death of the defendant."

Unless the cause of action existed *before* death occurs, it does not survive *after* death. The cause of action does not come into existence by reason of the survival statute but only survives the injured party's death.

As noted in 25A C.J.S. *Death* § 22 (1966): "Under most survival statutes, which merely preserve and continue the right of action which the deceased had prior to his death, without creating any new cause of action, no

action can be maintained where the wrongful act resulted in instantaneous death, since in such case no cause of action in deceased ever came into being, and there is none that can survive." In this case, while Rhein is unwilling to concede that the decedent died instantaneously, a reading of the pleading makes it clear that Rhein's cause of action was based upon a theory of instantaneous death. There is no allegation made with regard to any hiatus between the time when the tree branch fell on the decedent and when he was killed. Rather, the amended petition alleges that the tree branch fell upon the decedent, killing him while he was sitting in the tractor. The decedent suffered no recoverable damages until the branch fell on him, causing his death. Any damages which occurred after his death can only be recovered by his widow or next of kin under the Lord Campbell Act.

Appellant argues to this court that holding that decedent has a separate cause of action will not require us to declare any new rule of law contrary to the long-established common-law rule. In support of that position, appellant argues that, in effect, the cases of *Hindmarsh v. Sulpho Saline Bath Co.*, 108 Neb. 168, 187 N.W. 806 (1922), and *Murray v. Omaha Transfer Co.*, 95 Neb. 175, 145 N.W. 360 (1914), further reported in 98 Neb. 482, 153 N.W. 488 (1915), already recognized that a cause of action exists in the decedent for losses occurring after his death. While one may be able to extract a line here and there from those opinions relied upon by Rhein to make such argument, when one reads the opinions in their entirety it is clear that the position taken by Rhein in this case is unsupported by those cases.

The situation in *Murray* involved an individual who was struck on August 27, 1910, by a horse and wagon. He did not die until 2 days later. Prior to his death, suit was filed for his injuries sustained during his lifetime. After his death the action was revived in the name of his administrator, and an amended petition was filed

demanding damages for Murray's injuries *for the benefit of his heirs under the Lord Campbell Act. Murray* simply held that the action belonging to the decedent prior to his death did not abate by his death but, rather, survived, and that *a second* cause of action arose upon his death for the benefit of his widow or widower and next of kin. *Murray* stands for the proposition that an action for damages incurred by the decedent up to the date of his death and an action for damages suffered by his widow or widower and next of kin after his death may be joined in a single action. The fact that the court in *Murray* permitted the jury to consider loss of Murray's earnings for the balance of his life expectancy does not support Rhein's position in this case. The jury was permitted to consider the life expectancy tables and future loss of earnings in connection with the wrongful death action brought on behalf of the widow and next of kin and not in connection with the negligence action brought on behalf of the decedent for damages incurred prior to his death.

In *Hindmarsh* the decedent was injured when, while in a delirious condition, he escaped and leaped from a window of a hospital. An action, other than the one presented for review in *Hindmarsh*, was begun by him in his lifetime to recover damages. The action for his own damages was pursued to completion, even though he had died. The first action was tried upon the theory that the death of the decedent was caused by the wrongful act of the defendant and that the plaintiff was entitled to recover in the one action all the damages which the deceased could have recovered had he been totally and permanently disabled, and had he survived and lived out his entire expectancy.

The second action, which was presented for review in *Hindmarsh*, was then filed under the Lord Campbell Act. The second action was dismissed on the basis that the two causes of action had really been reduced to judgment in the first case. This court said in *Hindmarsh, supra* at 171-72, 187 N.W. at 808: "The former action,

instituted by the deceased in his lifetime, was based upon the common-law right of recovery. It would have abated except for our statute (Rev. St. 1913, sec. 8023), providing that no action pending in any court shall abate by the death of either or both of the parties. *Webster v. City of Hastings*, 59 Neb. 563; *Sheibley v. Nelson*, 83 Neb. 501; *Levin v. Muser*, 107 Neb. 230.

"Had the former action finally terminated in a judgment prior to the death of Roy B. Hindmarsh, it seems clear that such judgment would have been a complete bar now, for, in order to recover in this action, under the statute (Rev. St. 1913, sec. 1428), it is necessary to show not only that the death resulted from a wrongful act, and that there are statutory beneficiaries for whom suit can be brought, but that, had the deceased lived, he himself would have been entitled to maintain an action. Had his cause of action been settled by him, or been reduced to judgment prior to his death, that would have eliminated one of the essential conditions to a recovery in this action, for his cause of action would have been extinguished and he would thereafter, had he lived, have had no right to sue. 17 C.J. 1250, sec. 102. Such a rule does not deny a full recovery. Had he prosecuted his suit and obtained a judgment prior to his death, he would have been entitled to an award of damages sufficient to cover all loss of every kind sustained. He could have recovered not only for pain and suffering and for expenses incurred, but also for loss of earnings, based upon his entire expectancy of life, as shown by his condition of health and age prior to the time of the injury. Though, by the injury, his life was to be shortened, or his death caused, still that would not have deprived him of the right to the maximum recovery, based on his full expectancy of life, as stated."

In *Hindmarsh, supra* at 173-75, 187 N.W. at 808-09, we went on to say: "A single wrongful act, it is true, may cause an injury to more than one person, and every person sustaining injury through it is entitled to recover his loss. The quantum of loss actually sustained by all

persons concerned, in a case of this kind, has a definite limit. The limit of that loss is the damage caused to the injured party by his pain and suffering; the loss through expenditure for medical and hospital services and other such expenses; and the loss of all earnings that he would otherwise have been able to make, had he not been injured, based upon an expectancy of life, as shown by his age and condition of health prior to his injuries.

" . . . The object of such statutes, both of the revival statute and of the statute giving a recovery for death caused by wrongful act, was to give and preserve *to the parties damaged* a complete remedy and opportunity to recover the loss sustained, a loss which, at the common law, they could not have recovered owing to the fact that the death of the party who had sustained the injuries extinguished the cause of action. [Emphasis supplied.]

. . . .
"Where the remedies are held to be concurrent, and we take it they are concurrent in this state, the recovery in the revived action must be limited to such as the deceased might have recovered, had he lived, *but not extending beyond the time of his death.* [Emphasis supplied.] This is manifest from the expressed intention of the legislature that the recovery for the statutory beneficiaries for the pecuniory [sic] loss, growing out of the death, shall be for the beneficiaries *exclusively. . . .* [Emphasis in original.]

"In the revived action the personal representative may recover damages for pain and suffering endured by the deceased; for the expenses incurred, necessitated by the injuries, in the nature of medical and hospital expenses, and the like; and he may recover the loss of earnings, which are sustained by the injured party, *during his lifetime as a result of the injuries.* But in the action brought by the personal representative, in behalf of the statutory beneficiaries, to recover damages for the death caused by the wrongful act of the defendant, the recovery must be measured by the pecuniary loss suffered by those beneficiaries by being

deprived of what they would have received from the earnings of the injured party from the date of his death, had he lived out his full expectancy. Under this construction, a double recovery is avoided, although the double remedy is recognized. [Emphasis supplied.]

"These two actions may be pursued separately in different suits, each being confined to its own specific limit of recovery, or they may be joined in one action and separate verdicts returned."

As a result of the court's conclusion in *Hindmarsh*, the heirs were not permitted to maintain a wrongful death action, Hindmarsh having recovered all the damages for both actions in the first suit. We believe the reasoning expressed in *Hindmarsh* is correct. Little purpose would be served by adopting a Lord Campbell-type statute in this state if the decedent's estate already had a cause of action for the losses sustained by the decedent in the future by reason of his death. We do not believe that is what the Legislature intended when adopting the Lord Campbell Act.

In the instant case, the decedent suffered no recoverable damages prior to his death and therefore no cause of action survived. The wrongful death action had to have been brought within 2 years after the death of such person or it was barred. Since no action was brought within that time, it is barred. See § 30-810. That being the case, no cause of action not otherwise barred by the passage of time exists in anyone. The trial court was correct in sustaining the motion for summary judgment and dismissing the petition. The judgment is affirmed.

AFFIRMED.