Edna Aline MIERS, Plaintiff,

v.

**CENTRAL MINE EQUIPMENT
COMPANY, Defendant.**

CV 84–0–43.

United States District Court,
D. Nebraska.

Feb. 28, 1985.

E. Dean Hascall, Omaha, Neb., for plaintiff.

Neil B. Danberg, Jr., Joe P. Cashen, Omaha, Neb., for defendant.

BEAM, District Judge.

This matter is before the Court upon the defendant's motion for summary judgment (filing 13). After a review of the pleadings, affidavits and the submitted briefs, this Court finds that the motion for summary judgment should be granted in part and denied in part.

On January 27, 1984, the plaintiff Edna Aline Miers, personal representative of the estate of Jack Gerald Miers, filed this action in the United States District Court for the District of Nebraska predicating jurisdiction on diversity of citizenship and alleging negligence, strict tort liability, and intentional concealment as the basis of her cause of action against the defendant Central Mine Equipment. The gravamen of the allegations is products liability. The death of the plaintiff's decedent was allegedly caused by an oil well auger manufactured by the defendant.

The plaintiff seeks to recover damages in a survival action on behalf of the decedent's estate, and in a wrongful death action on behalf of the decedent's widow and next of kin. Nebraska Wrongful Death Act *Neb.Rev.Stat.* §§ 30–809 *et seq.* This matter is presently before the Court for consideration of the defendant's motion for summary judgment on the issue of whether the plaintiff's claims are barred by the ten-year limitation for commencing actions as stated in *Neb.Rev.Stat.* § 25–224(2).

The Court finds that the plaintiff's second, third and fourth causes of action are barred by the statute of limitations, unless the plaintiff can establish fraudulent concealment, thus estopping the defendant from relying on the statute of limitations defense. Further, the Court finds that under the facts of this case the plaintiff's first cause of action, the wrongful death action, is not barred by the statute of limitations defense.

The chronology of events in this case is important to the resolution of this issue.[1] The product that allegedly caused the injury was first sold to the decedent's employer on May 11, 1973. The injury that gave rise to this action and resulted in the death of the decedent occurred on January 27, 1982, approximately eight years and eight and one-half months from the date the product was first sold for use or consumption. The death of the decedent occurred February 21, 1982, less than one month later. Therefore, both the injury and death of the decedent occurred within ten years from the date the product was first sold. In fact, the death occurred one year and about two months before the ten-year period ended. This action was filed January 27, 1984, within the two-year period prescribed by the Wrongful Death Statute. *Neb.Rev.Stat.* § 30–810.

The issue in this case becomes not only the interpretation and the effect of the ten-year limitation period in *Neb.Rev.Stat.* § 25–224(2), but also the Wrongful Death Statute, *Neb.Rev.Stat.* § 30–809, as well as *Neb.Rev.Stat.* § 25–213, relating to the interest of infants and other persons under disability. The defendant argues that the plain meaning of *Neb.Rev.Stat.* § 25–224(2) bars the action. The plaintiff counters with three arguments: (1) that *Neb.Rev. Stat.* § 25–213 extends the ten-year period because of the disability of the decedent's minor children, (2) that an application of *Neb.Rev.Stat.* § 25–224(2) to this case is unconstitutional since it bars the plaintiff's access to the courts, and (3) that equitable estoppel bars the defendant from relying on the ten-year limitation period.

## I.

The Nebraska Legislature enacted *Neb. Rev.Stat.* § 25–224 to govern the time limits for bringing a product liability action which provides, in part:

(1) *All product liability actions,* except one governed by subsection (5) of this section, *shall be commenced within four years next after the date on which the death, injury, or damage complained of occurs.* [Emphasis added].

(2) *Notwithstanding subsection (1) of this section or any other statutory provision to the contrary, any product liability action,* except one governed by section 2–725, Uniform Commercial Code or by subsection (5) of this section *shall be commenced within ten years after the date when the product which allegedly caused the personal injury, death, or damage was first sold or leased for use or consumption.* [Emphasis added].

(3) The limitations contained in subsection (1), (2), or (5) of this section shall not be applicable to idemnity or contribution actions brought by a manufacturer or seller of a product against a person who is or may be liable to such manufacturer or seller for all or any portion of any judgment rendered against a manufacturer or seller.

(4) Notwithstanding the provisions of subsections (1) and (2) of this section, any cause of action or claim which any person may have on July 22, 1978, may be brought not later than two years following such date.

(5) . . . .

*Neb.Rev.Stat.* § 25–224 (Cum.Supp.1984).[2]

While the Nebraska Supreme Court has not yet analyzed the ten-year limitation pe-

---

**1.** The following timetable is helpful:

| | |
|---|---|
| May 11, 1973 | Product first sold |
| January 27, 1982 | Injury of decedent |
| February 21, 1982 | Death of decedent |
| May 12, 1983 | Ten-year period ends |
| January 27, 1984 | Case filed. |

**2.** A products liability action is defined as:
Product liability action shall mean any action brought against a manufacturer, seller, or les-

riod of subsection (2), other courts have construed such a statute to have two separate and distinct functions.[3] On one hand, it acts as a statute of repose, and on the other, as a statute of limitations. *O'Brien v. Hazelet & Erdal*, 410 Mich. 1, 299 N.W.2d 336, 341 (1980) (construing a six-year limitation for actions arising out of improvements to real property against architects and engineers); *Oole v. Oosting*, 82 Mich.App. 291, 266 N.W.2d 795, 799 (1978). One court has aptly described the nature of such statutes as that of a "hybrid." *Smith v. American Radiator & Standard Sanitary Corp.*, 38 N.C.App. 457, 461, 248 S.E.2d 462, 465 (1978), *cert. denied*, 296 N.C.App. 586, 254 S.E.2d 33 (1979). Like a statute of limitations, the statute bars suits after a cause of action accrues. Like a statute of repose, since the time limit runs from a time of sale or use rather than from the time the action accrues, the statute may bar a suit before the cause of action even arises. The function as a statute of limitations has been described as procedural, affecting the remedy, whereas, the function as a statute of repose deals with substance, affecting the right. McGovern, *The Status of Statutes* at 418–19.

■■■ By analogy, subsection (2) of *Neb. Rev.Stat.* § 25–224 functions as a statute of repose when the ten-year period begins to run from the date the product is first sold. If injury were to occur outside of the ten-year period, no substantive cause of action would ever exist.

> "It does not bar a cause of action; its effect, rather, is to prevent what might otherwise be a cause of action, from ever arising.... The injured party literally has no cause of action. The harm that has been done is *damnum absque injuria*—a wrong for which the law affords no redress. The function of the statute is thus rather to define substantive rights than to alter or modify a remedy."

*Colton v. Dewey*, 212 Neb. 126, 321 N.W.2d 913 (1982) *quoting Rosenberg v. North Bergen*, 61 N.J. 190, 199–200, 293 A.2d 662, 667 (1972).[4] However, in this case, since both the injury and the death occurred within ten years from the date the product was first sold, the statute of repose function of *Neb.Rev.Stat.* § 25–224(2) is not at issue.

In contrast, the function of *Neb.Rev. Stat.* § 25–224(2) as a statute of limitations is at issue. Like a statute of limitations, *Neb.Rev.Stat.* § 25–224(2) procedurally limits the period of time within which an accrued cause of action may be brought. Subsection (1) of *Neb.Rev.Stat.* § 25–224(1) provides that a products liability action must be brought within four years after

---

sor of a product, regardless of the substantive legal theory or theories upon which the action is brought, for on or account of personal injury, death, or property damage caused by or resulting from the manufacture, construction, design, formulation, installation, preparation, assembly, testing, packaging, or labeling of any product, or the failure to warn or protect against a danger or hazard in the use, misuse, or intended use of any product, or the failure to provide proper instructions for the use of any product.

*Neb.Rev.Stat.* § 25–21,180 (Reissue 1979).

**3.** *See* McGovern, The *Status of Statutes of Limitations and Statutes of Repose in Product Liability Actions: Present and Future*, 16 The Forum 416, 417 (1980–81) [hereinafter McGovern, *The Status of Statutes* ]. In older treatises and case-law, "repose" and "limitations" were often used interchargeably, however, today distinctions are being made. Judges are being forced to make

these critical distinctions by the influx of statutes of repose passed that affect several areas of the law. *See also* McGovern, *Symposium Products Liability, The Variety Policy and Constitutionality of Product Liability Statutes of Repose*, 30 Am.U.L.Rev. 579, 587 (1981) (architects' and contractors' statutes of repose, medical malpractice statutes of repose, professional negligence statutes of repose, and products liability statutes of repose).

**4.** The Nebraska Supreme Court has upheld the right of the legislature to enact a statute that abolishes a right. "The Legislature is entirely at liberty to create new rights or abolish old ones as long as no vested right is disturbed." *Colton v. Dewey*, 212 Neb. 126, 321 N.W.2d 913, 916 (1982) (upheld ten-year period of repose for medical malpractice *Neb.Rev.Stat.* § 25–222 (Reissue 1979)).

the action accrues. Subsection (2) then states, "Notwithstanding subsection (1) of this section or any other statutory provision to the contrary," the action must be commenced within ten years from the date the product was first sold. The practical effect of this is for subsection (2) to function as a statute of limitations on any cause of action that accrues more than six but less than ten years after the date a product is first sold. At such point in time, the injured party no longer has a full four years within which to commence a suit. Rather the period of time in which the plaintiff may seek a remedy in the courts becomes progressively shorter. Theoretically, if a products liability cause of action accrues nine years three hundred and sixty four days after the date the product was first sold, *Neb.Rev.Stat.* § 25–224(2) mandates a one-day statute of limitation.

■ The general rule is "unless forbidden by the state constitution, a state legislature may constitutionally shorten the periods of limitation fixed by previously existing statutes.... The Legislature may reduce a period of limitations and apply a new and shorter period to previously accrued causes of action so long as a reasonable time is allowed to bring such action." *Macku v. Drackett Prod. Co.*, 216 Neb. 176, 343 N.W.2d 58, 59–60 (1984). *See Educational Service Unit No. 3 v. Mammel, Olsen, Schropp, Horn & Swartzbaugh, Inc.*, 192 Neb. 431, 222 N.W.2d 125 (1974); *Greenhalgh v. Payson City*, 530 P.2d 799 (Utah 1975); *Bauld v. J.A. Jones Const. Co.*, 357 So.2d 401 (Fla.1978); *Collier v. Smaltz*, 149 Iowa 230, 128 N.W. 396 (1910); *McCloskey & Co. v. Eckart*, 164 F.2d 257 (5th Cir.1947); *Davis & McMillan v. Industrial Acc. Com.*, 198 Cal. 631, 246 P. 1046 (1926).

## II.

■ Before applying the separate functions of *Neb.Rev.Stat.* § 25–224(2) to this case, it is necessary to understand the nature of the plaintiff's causes of action and how they interact with general statutes of limitations. In essence, the plaintiff has two distinct causes of action. The first is the decedent's cause of action that survives his death. This encompasses what the plaintiff has labeled her second, third and fourth causes of action. The survival action survives the decedent's death only by "reason of the enactment of the survivorship statutes, *Neb.Rev.Stat.* §§ 25–1401 and 25–1402 (Reissue 1979)." *Rhein v. Caterpillar Tractor Co.*, 210 Neb. 321, 314 N.W.2d 19, 22 (1982). Under this cause of action, the decedent's estate seeks to recover for loss of decedent's income, for his medical expenses incurred between the time of his injury and his death, and also for funeral and burial expenses. The Nebraska Supreme Court has stated, "[t]he survival statute ... does not create a new cause of action but merely preserves whatever cause of action was in existence on the date upon which the decedent died." *Rhein*, 314 N.W.2d at 22.

■ General statutes of limitations apply to a survival action. In this case, the survival action accrued on the date of the decedent's injury, January 27, 1982, and was not tolled by the decedent's death. *See, e.g., Cardin v. McGuirk*, 111 Neb. 350, 196 N.W. 698 (1923) (where limitations begin to run before the death of a person entitled to maintain a suit for an interest in real estate, his death does not toll the statute, but it continues to run against the heirs of the estate). W. Prosser & W. Keeton, Prosser and Keeton on the Law of Torts, § 125A–127 (5th ed. 1984) (general discussion of the differences between survival actions and wrongful death actions). Because the injury to the decedent occurred toward the end of the ten-year period running from the date the product was first sold, subsection (2) shortened the period of time in which the survival action could be brought to approximately one year and three months. *Neb.Rev.Stat.* § 25–224(2).

■ As stated before, once a cause of action accrues and the Legislature shortens the relevant statute of limitations, the issue becomes whether the length of time provided to seek a remedy is reasonable. *Macku,*

343 N.W.2d at 58.[5] *See also, Terry v. New Mexico State Highway Com'n,* 98 N.M. 119, 645 P.2d 1375, 1378 (1982). This rule was formulated for situations where a newly legislated change in the statutes of limitations, applied retroactively, operated to bar an existing remedy. However, the rule is "an appropriate general restriction on the Legislature's right to statutorily limit actions." *Terry,* 645 P.2d at 1379.

■ This Court believes that the Nebraska Supreme Court would find one year and three months to be a reasonable period of time in which to seek redress for injuries in a survival action. In *Macku,* 343 N.W.2d at 59–60, the Nebraska court upheld two years as a reasonable time in which to bring suit. In another case, four months was upheld as a reasonable time period within which to seek redress. *See Educational Service Unit No. 3,* 222 N.W.2d at 125.[6] Therefore, the ten-year statute of limitations function of *Neb.Rev.Stat.* § 25–224(2) will bar the plaintiff's second, third and fourth causes of action.

However, the plaintiff argues that the defendant should be prevented from raising the bar of the statute by the theory of equitable estoppel. In support thereof, plaintiff relies upon the decision of the Nebraska Supreme Court in *MacMillen v. A.H. Robins Co.,* 217 Neb. 338, 348 N.W.2d 869 (1984). The Nebraska court held that a defendant is estopped from utilizing the medical malpractice statute of limitations and repose as a defense where such defendant wrongfully conceals a material fact necessary to the accrual of the cause of action and where such concealment causes the plaintiff to delay the filing of suit beyond the running of the statutory time period. In *MacMillen,* as here, the injury occurred within the ten-year period of the statute of repose.

The Court in *MacMillen* relied on *Knaysi v. A.H. Robins Co.,* 679 F.2d 1366 (11th Cir.1982). In *Knaysi* the court identified two circumstances in which equitable estoppel may arise. "Equitable estoppel sufficient to bar the interposition of the statute of limitations results from representations or conduct which have induced a party to postpone bringing suit on a known cause of action, or from fraudulent concealment of an action which is unknown to a party. [citations omitted]." *Knaysi,* 679 F.2d at 1368. In a fraudulent concealment situation the court went on to identify two existing factors. First, "the defendant has control and superior, or exclusive, knowledge of facts necessary for the plaintiff to make out a cause of action. Second, the defendant by affirmative misstatements conceals these essential facts from the plaintiff." *Id.*

■ This Court believes that there may exist an issue of material fact concerning whether affirmative misstatements were made by the plaintiff. Therefore, the defendant's motion for summary judgment on this issue will be denied at this time in order that the plaintiff may attempt to prove the allegations of fraudulent concealment. However, this Court admonishes

---

**5.** Several state legislatures have provided a grace period in their statutes for a party to seek redress when injured toward the end of these "overall statutes of limitations" rather than relying on the courts to determine the reasonableness of various time periods. *See, e.g.,* N.D. Cent.Code § 28–01–44(2) (1974); McGovern, *Symposium* at 622–641 (grace periods are designated in the comparison of statutes of repose and limitations in products liability and malpractice actions, and actions against architects and contractors, and other professionals for all fifty states).

**6.** The plaintiff argues that *Neb.Rev.Stat.* § 25–213 which provides for a tolling of statutes of limitations for persons under certain designated disabilities is tolled by the decedent's death and the minority of the decedent's children. The Court does not find the arguments persuasive. First, death is not considered a legal disability for purposes of section 25–213. *Curdin v. McGuirk,* 111 Neb. 350, 196 N.W. 698 (1923) (death does not toll statute of limitations, but it continues to run against the heirs of the estate). Second, though *Neb.Rev.Stat.* § 25–213 tolls an action for a person under disability that could be maintained by that person, in their own name when the disability was removed, it would not apply in this case. The decedent's children could never maintain the survival action in their own name even after they reach the age of majority.

the plaintiff that to prevail on this issue, she must substantively prove more than a misrepresentation and failure to warn as alleged in the plaintiff's strict liability and negligence cause of action. Counsel for the parties shall fully brief the law of fraudulent concealment and its distinctions from products liability misrepresentations before a decision is made. If the plaintiff is alleging that silence, or failure to warn, or failure to take an affirmative step to reveal the alleged defect can be equated to the idea of fraudulent concealment under an equitable estoppel theory, then supporting caselaw must be included in the brief. *Contra Stiles v. Union Carbide Corp.*, 520 F.Supp. 865, 868–69 (D.Tex.1981).

### III.

 The plaintiff's second cause of action in this case is brought under the Wrongful Death Act. *Neb.Rev.Stat.* §§ 30–809 *et seq.* The plaintiff has labeled this her first cause of action. Such action may be brought only in the name of the personal representative on behalf of the decedent's widow and next of kin for their losses arising from the decedent's death including loss of future income and maintenance, and for present and future loss of society and companionship. A wrongful death action is a statutory cause of action, not in existence at common law, created initially by the Lord Campbell Act. The difference between this and the survival action is that it is not for the benefit of the decedent but, rather, for the exclusive benefit of the widow or widower and next of kin of the decedent. *Neb.Rev.Stat.* § 30–810. *Rhein*, 314 N.W.2d at 22; *United Materials, Inc. v. Landreth*, 196 Neb. 525, 244 N.W.2d 164 (1976).

The Wrongful Death Action includes several limitations relevant to this case. First, the decedent's death must have occurred because of a wrongful act that would have entitled the decedent, had death not occurred, to recover damages.[7] Second, the wrongful death action must be commenced within two years after the death of such person. Third, it shall be brought only in the name of the personal representative for the exclusion benefit of the widow and next of kin.[8]

---

7. *Neb.Rev.Stat.* § 30–809 (Reissue 1979):
Whenever the death of a person shall be caused by the wrongful act, neglect or default, of any person, company or corporation, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured and although the death shall have been caused under such circumstances as amount in law to felony.

8. *Neb.Rev.Stat.* § 30–810 (Reissue 1979):
Every such action, as described in section 30–809, shall be commenced within two years after the death of such person. It shall be brought by and in the name of his personal representatives, for the exclusive benefit of the widow or widower and next of kin. The verdict or judgment should be for the amount of damages which the persons in whose behalf the action is brought have sustained. The avails thereof shall be paid to and distributed among the widow or widower and next of kin in the proportion that the pecuniary loss suffered by each bears to the total pecuniary loss suffered by all such persons. A personal representative shall not compromise or settle a claim for damages hereunder until the court by which he was appointed shall first have consented to and approved the terms thereof. The amount so received in settlement, or recovered by judgment, shall be reported to and paid into such court for distribution, subject to the order of such court, to the persons entitled thereto after a hearing thereon and after notice of such hearing and of the time and place thereof has been given to all persons interested by publication three successive weeks in a legal newspaper published within the county or, if no legal newspaper is published within the county, then in a legal newspaper published in an adjoining county; *Provided,* such amount shall not be subject to any claims against the estate of such decedent. When the amount of such settlement or judgment is five thousand dollars or more, the county court shall forthwith upon such settlement or payment of such judgment place such amount in interest-bearing certificates of deposit or a savings account in a banking institution pending the entry of an order of distribution by the court, and such interest that may accumulate pending the entry of such order shall be distributed in the same proportions as the settlement or judgment.

In Nebraska the two-year limitation period in the Wrongful Death Act has been described as a condition precedent to the right of action and held to be an absolute provision, not subject to any exceptions. *See Gengo v. Mardis*, 103 Neb. 164, 170 N.W. 841, 844 (1919). This two-year limitation applies regardless of the statute of limitations applicable to the wrongful act that caused the decedent's death. Even, for example, if negligence caused the death and a four-year statute of limitations applied to an action to recover for negligence, the two-year limitations of the Wrongful Death Act would apply instead. *See Rhein*, 314 N.W.2d at 21. Likewise, under the law of Nebraska, even if a defective product caused the decedent's death, the wrongful death limitation period would apply rather than the longer four-year period or in this case the shorter period created by the ten-year period set forth in subsection (2). *Cfe. Neb.Rev.Stat.* § 30–810 with *Neb.Rev.Stat.* § 25–224(1) and (2). No prior statute of limitation legislation in Nebraska has been held to modify the two-year limitation period in the Wrongful Death Act.[9]

In conclusion, the Court holds that the plaintiff's second, third and fourth causes of action is barred by the statute of limitations defense, unless the plaintiff can establish fraudulent concealment, thus estopping the defendant from relying on the statute of limitations defense. Further, the Court finds that under the facts of this case the plaintiff's first cause of action, the wrongful death action, is not barred by the statute of limitations defense.

Accordingly,

IT IS ORDERED that the defendant's motion (filing 13) for summary judgment is in accordance with this memorandum and order granted in part and denied in part.

---

**9.** This is not to say that the statute of repose section of *Neb.Rev.Stat.* § 25–224(2) would not apply in certain circumstances. If the decedent's death occurs anytime after ten years from the sale of the product, there would be no wrongful death cause of action in existence because the decedent would have had no cause of action at his death. *Neb.Rev.Stat.* § 30–809. However, if the decedent's death occurs within the ten-year period, the statute of limitation periods of *Neb.Rev.Stat.* § 25–224(1) and (2), neither lengthens nor shortens the two-year provision in the Wrongful Death Act. *See McMickens v. Waldrop, M.D.*, 406 So.2d 867, 870 (Ala. 1981) (J. Jones, concurring) (interpretation of Wrongful Death Act and medical malpractice statute of limitation and repose).