LOUISE VONDORN, APPELLANT, v. LOUIS RUBIN ET AL., APPELLEES.

FILED APRIL 17, 1920.   No. 20928.

1. **Limitation of Actions:** ALIENATION OF AFFECTIONS. Where affections of plaintiff's husband were alienated by another woman, and he, at that time, abandoned the plaintiff and entered into an alleged marriage with such other woman, and from that time cohabited with such woman as his wife, the cause of action in favor of the plaintiff immediately accrued, and the statute of limitations attached at the time the affections of plaintiff's husband were alienated and he abandoned her.

2. ————: ————. If, in such case, the plaintiff fails to bring suit within four years from the time of the accrual of her cause of action, and there is no showing that her husband has retransferred or returned his affections or attentions to her, and that the defendant then had, by renewed efforts, again alienated them, the fact that his affections have been retained from plaintiff through the continued efforts of the other party does not give rise to any new cause of action, and plaintiff's original cause of action would be barred.

APPEAL from the district court for Douglas county: 104 Neb.—30
WILLIAM A. REDICK, JUDGE.   *Affirmed.*

*Macfarland & Macfarland* and *Gray & Brumbaugh,* for appellant.

*W. J. Connell, contra.*

FLANSBURG, C.
Action by plaintiff for damages for alienation of the affections of her husband. A general demurrer and plea of the statute of limitations was interposed by the defendants and sustained by the court. Plaintiff elected

to stand upon the pleadings, and her suit was thereupon dismissed. Plaintiff appeals.

The petition states that plaintiff and John E. Von-Dorn were married April 13, 1896. On December 4, 1908, it is alleged plaintiff procured a divorce from her said husband, and that on the day following, December 5, 1908, upon the promise of her husband to properly conduct himself in the future, a reconciliation was effected and, though the decree of divorce was never set aside nor modified, plaintiff and her said husband from the time of their reconciliation continued to cohabit together for a period of 3½ years, with the understanding, the petition alleges, that their reconciliation and cohabitation, in effect, nullified the divorce decree and lawfully reinstated them as husband and wife, and the petition further states that they were in fact husband and wife at the time of the commencement of the suit.

It is further alleged that the defendant, Nellie Rubin, who, it may be stated, had been the corespondent in the divorce suit above mentioned, conspired with her parents, the other defendants in this action, and did on September 11, 1911, alienate the affections of plaintiff's husband, and with the connivance of the said defendants persuaded the said John E. VonDorn to desert and abandon the plaintiff and withdraw his support from her and to enter into a pretended marriage with the said defendant, and that the said John E. VonDorn and defendant, since that time, and up to the commencement of the suit on June 25, 1918, have been living together as husband and wife.

The defendant urges as one ground to sustain his general demurrer that the petition, by the facts pleaded, discloses that plaintiff and John E. VonDorn were not, at the commencement of this action, husband and wife, but, however that may be, we find it unnecessary to pass upon that question, for were we to assume, as plaintiff contends, that there was a valid marriage relation subsisting with the plaintiff, still it occurs to us that plain-

tiff has in no event brought her action within the time required by law.

More than four years had elapsed from the time her cause of action accrued before this suit was commenced. The completed alienation of the affections of the plaintiff's husband, his abandonment of her, and his cohabitation with the woman, with whom it is alleged he entered into a pretended marriage, all transpired in 1911, and that condition of affairs appears to have been continuous for a period of almost seven years prior to the commencement of this suit.

An action of this nature is based upon the loss of the affections and companionship of the husband, for loss of support, and for mental anguish and injuries to the plaintiff's feelings. The wrong of which the plaintiff complains occurred and was completed in 1911. The fact that the loss has been continuous is evidence only of the amount of damages suffered by her, and these accruing damages are not severable from her original cause of action. They are the natural and ordinary consequences of the initial wrong committed, and no new cause of action springs from them. It is the general rule, applicable here, that when, through a wrong committed, an injury is inflicted upon another, the statute of limitations attaches at once, even though at that time the plaintiff may not be fully advised of the extent of the damages suffered, and though subsequent substantial damages do not occur until a later date. Furthermore, a subsequent continuance or increase in damages results in no new cause of action. 25 Cyc. 1135.

Here no new cause of action is shown since the year 1911. The plaintiff alleges that defendant, through her wiles and connivance, retained the affections of the plaintiff's husband, but there is no allegation that plaintiff's husband, since 1911, had at any time transferred or returned his affections to the plaintiff, and that the defendant then had, by renewed efforts, again alienated

them. Under these allegations, as we view it, no new cause of action is shown, and plaintiff's case, we must hold, is barred by the statute of limitations. Such is the ruling in a similar case: *Farneman v. Farneman,* 46 Ind. App. 453, 459.

We therefore recommend that the judgment of the lower court be affirmed.

Per Curiam. For the reasons stated in the foregoing opinion, the judgment of the district court is affirmed, and this opinion is adopted by and made the opinion of the court.

Affirmed.