**Wallie W. MATTICE, Appellant,**

v.

**Lewis J. MESSER, Appellee.**

**No. 73–1772.**

United States Court of Appeals, Eighth Circuit.

March 14, 1974.

---

1. A " '[c]rime of violence' includes . . . robbery . . . ." 18 U.S.C. § 4251(b) (1970).

Wallie W. Mattice, filed appendix and brief and transcript pro se.

Herman Ginsburg and Norman Krivosha, Lincoln, Neb., filed brief for appellee.

Before GIBSON, LAY and STEPHENSON, Circuit Judges.

PER CURIAM.

This diversity case comes before the court upon appellee's alternative motion for summary dismissal or affirmance. Upon study it appears that the questions presented do not require further argument. We affirm. *See* Local Rule 9.

Appellant, Wallie W. Mattice, brought this action, pro se, in the United States District Court for the District of Nebraska, Warren Urbom, Chief Judge. The suit was against Lewis J. Messer for the alienation of the affections of appellant's wife. Judge Urbom ruled that the case was properly before the United States District Court on the basis of diversity jurisdiction, but that the applicable Nebraska statute of limitations barred the action.

On appeal Mattice, pro se, makes three contentions: (1) the trial court applied the incorrect statute of limitations; (2) the question of when the statute was tolled should have been decided by the jury; (3) the trial court applied improper case law.

Judge Urbom held that one of two Nebraska statutes was applicable. Under either of these statutes the limitation period is four years. Mattice has shown no prejudice resulting from the trial court's ruling on this point. *Compare* Nebraska Revised Statutes §§ 25–207 and 25–212.

The record discloses that there was no question for the jury in this case. Mr. Mattice expressly agreed with the court and opposing counsel before trial that the court would determine the statute of limitations question. Furthermore, Nebraska Revised Statute 25–221 provides for preliminary rulings by the court on statute of limitation questions.

The evidence discloses and the trial court found that Mrs. Mattice left the home of Mr. and Mrs. Mattice in 1964[1] and that "from that time on there was, and as of that time there was a breach of her relationship with him" which was not renewed. The fact that appellant did not give up on the possibility of a renewal until 1970 did not alter the fact that no new cause of action accrued.

The trial court properly relied upon the Nebraska case of Von Dorn v. Rubin, 104 Neb. 465, 177 N.W. 653 (1920) which held that continuing damages after accrual of a cause of action does not extend the time of the cause of action. The statute of limitations commences when the initial wrong has been done. The fact that the loss has been continuous goes only to the issue of damages. *Von Dorn, supra,* 177 N.W. at 653.

We are satisfied that the record presents no substantial evidence of renewal of affection after 1964. *Compare* Baltzly v. Gruenig, 127 Neb. 520, 256 N.W. 4, 7 (1934). Under the applicable Nebraska law the four-year statute of limitations began to run in 1964. This action is therefore barred.

Affirmed.

---

1. The instant action was filed August 29, 1972.