**Pinkie GROTH, Plaintiff,**

v.

**SANDOZ, INC., a corporation, Defendant.**

**No. CV. 83–0–694.**

United States District Court, D. Nebraska.

Dec. 26, 1984.

Ways and Means Committee" III, 53 (Comm.

James R. Welsh, Omaha, Neb., for plaintiff.

John E. Hubbard, Omaha, Neb., for defendant.

## MEMORANDUM OPINION

SCHATZ, District Judge.

This matter is before the Court on defendant's motion for summary judgment

Print 1981).

(Filing No. 16). On October 30, 1984, a hearing was conducted on such motion at which oral argument was presented by the respective parties. After review of the pleadings, briefs and other documents filed in support of and in opposition to said motion, the Court concludes that defendant's motion for summary judgment is well taken and should be granted.

The facts are these. In January 1971, plaintiff began taking Fiorinal, a pharmaceutical manufactured and distributed by defendant. As prescribed by her physician for relief from recurring migraine headaches, plaintiff used Fiorinal on a daily basis, ingesting up to eight tablets per day from January 1971 until January 1980. In February 1981, plaintiff was diagnosed as having end stage renal failure. As a result of the renal failure, plaintiff is routinely required to undergo kidney dialysis.

The present action was originally commenced on August 25, 1983, in the District Court of Douglas County, Nebraska, by plaintiff, a resident of Nebraska, against defendant, a corporation incorporated under the laws of New Jersey with its principal place of business in that state. Subsequently, the action was removed by defendant to this Court.

In her petition, plaintiff alleges four causes of action. The first cause is premised on negligence on the part of defendant in testing, researching, manufacturing, marketing and selling Fiorinal. The second cause is based on strict liability in tort for testing, researching, manufacturing, promoting, distributing, supplying, marketing and selling such drug. Plaintiff alleges as a third cause of action that defendant expressly and impliedly warranted that Fiorinal was safe, fit, and suitable for the intended purposes for which it was designed. Finally, plaintiff alleges that defendant engaged in fraudulent misrepresentations and concealed information from the medical profession and the lay public regarding the safety and effectiveness of Fiorinal.

Defendant's motion for summary judgment claims that plaintiff's complaint against it is barred by the Nebraska product liability statute of limitations and repose, Neb.Rev.Stat. § 25–224 (Cum.Supp. 1984). That statute provides in pertinent part:

(1) All product liability actions, except one governed by subsection (5) of this section, shall be commenced within four years next after the date on which the death, injury, or damage complained of occurs.

(2) Notwithstanding subsection (1) of this section or any other statutory provision to the contrary, any product liability action, except one governed by Section 2–725, Uniform Commercial Code or by subsection (5) of this section, shall be commenced within ten years after the date when the product which allegedly caused the personal injury, death, or damage was first sold or leased for use or consumption.

Furthermore, Neb.Rev.Stat. § 25–21,180 (1979) defines a product liability action as:

[A]ny action brought against a manufacturer, seller, or lessor of a product, regardless of the substantive legal theory or theories upon which the action is brought, for or on account of personal injury, death, or property damage caused by or resulting from the manufacture, construction, design, formulation, installation, preparation, assembly, testing, packaging or labeling of any product, or the failure to warn or protect against a danger or hazard in the use, misuse or intended use of any product, or the failure to provide proper instructions for the use of any product.

Defendant alleges that all of plaintiff's claims are derived entirely from product liability theory as defined in Section 25–21,180 and are, therefore, barred by the ten-year statute of repose of Section 25–224(2).[1] However, in opposition thereto, plaintiff makes two arguments. First, she

---

1. The exceptions to the ten-year statute of repose noted in subsection (2) of § 25–224, namely, actions governed by Uniform Commercial Code § 2–725 and actions based upon exposure to asbestos, are not applicable to the facts of this case.

challenges the statute of repose as unconstitutional because it denies access to the courts in contradiction to Article I, Section 13 of the Nebraska constitution, and because it violates equal protection rights under the Fourteenth Amendment to the United States Constitution. Second, and in the alternative, plaintiff alleges that her fourth cause of action, which alleges that defendant fraudulently withheld information which would have warned members of the medical profession or lay public, raises an issue of fraudulent concealment and estops defendant from asserting the statute of repose as a defense.

■ Although the Nebraska Supreme Court has not addressed the constitutionality of the product liability ten-year statute of repose, it has upheld the validity of the professional negligence ten-year statute of repose. In *Colton v. Dewey*, 212 Neb. 126, 321 N.W.2d 913 (1982), plaintiff therein argued that the ten-year statute of repose for medical malpractice, Neb.Rev.Stat. § 25–222 (1979), was unconstitutional in that it violated the equal protection clause of the United States Constitution and denied the right of access to courts under the Nebraska constitution. The Nebraska Supreme Court rejected both arguments. In discussing a statute of repose in general terms, the court quoted with approval language from *Rosenberg v. Town of North Bergen*, 61 N.J. 190, 199–200, 293 A.2d 662, 667 (1972):

> It does not bar a cause of action; its effect, rather, is to prevent what might otherwise be a cause of action, from ever arising. Thus injury occurring more than ten years after the negligent act allegedly responsible for the harm, forms no basis for recovery. The injured party literally has *no* cause of action. The harm that has been done is *damnum absque injuria* —a wrong for which the law affords no redress. The function of the statute is thus rather to define substantive rights than to alter or modify a remedy. The Legislature is entirely at liberty to create new rights or abolish old

ones as long as no vested right is disturbed. (Emphasis in original).

212 Neb. at 130, 321 N.W.2d at 916. Since the Nebraska Supreme Court has upheld the professional negligence statute of repose in the face of challenges of unconstitutionality identical to those alleged in this case, and since this Court must determine what it believes the state court would declare the law to be if the claims of unconstitutionality of the product liability statute of repose were before the state court, this Court determines as a matter of law that Section 25–224 is not unconstitutional, and the Court rejects plaintiff's argument in this regard.

■ Plaintiff designates her causes of action as negligence, strict liability, warranty and fraud. Clearly, under Nebraska law, the first three causes are in the nature of product liability actions, *Morris v. Chrysler Corp.*, 208 Neb. 341, 303 N.W.2d 500 (1981), and are barred by the ten-year statute of repose of Section 25–224. The drug Fiorinal was first marketed in October, 1952, some thirty-one years before plaintiff's complaint was filed. Furthermore, plaintiff began ingesting such drug in January 1971, more than ten years before she discovered her kidney damage in February 1981, and approximately twelve and a half years before she filed the present lawsuit.

It is plaintiff's fourth cause of action, denominated as fraud, which she claims is not barred by the statute of repose since defendant allegedly fraudulently concealed information which would warn members of the medical profession or lay public, including plaintiff, that ingestion of Fiorinal could cause kidney damage to the user thereof. Therefore, plaintiff argues that defendant should be prevented from raising the bar of the statute by the theory of equitable estoppel. In support thereof, plaintiff relies upon the decision of the Nebraska Supreme Court in *MacMillen v. A.H. Robins Co., Inc.*, 217 Neb. 338, 348 N.W.2d 869 (1984).

In *MacMillen*, plaintiff's first petition based upon product liability theory was

filed within four years after the injury occurred, but more than ten years after the date of the sale of the intrauterine device in issue. The trial court sustained a demurrer to that petition because it had been filed more than ten years after the date of the sale of that product. Plaintiff then filed an amended petition alleging that defendant had intentionally withheld information from the public regarding the dangers inherent in the use of its product. The trial court sustained another demurrer, but the Nebraska Supreme Court reversed. The Supreme Court's rationale on reversal is important in two notable respects. First, under Nebraska law, a demurrer admits all well-pleaded facts for the purpose of determining whether a cause of action is stated. *Almarez v. Hartmann*, 211 Neb. 243, 318 N.W.2d 98 (1982). Therefore, the Supreme Court took plaintiff's allegations with regard to fraudulent concealment as true for purposes of the motion. Second, the court held that a defendant is estopped from utilizing the statute of limitations and repose as a defense where such defendant wrongfully conceals a material fact necessary to the accrual of the cause of action and where such concealment causes the plaintiff to delay the filing of suit beyond the running of the statutory time period. In *MacMillen*, plaintiff learned of her injury within the ten-year period of the statute of repose. However, she claimed that defendant's fraudulent concealment of information caused her to postpone the filing of suit until after that period had run.

*MacMillen* is clearly distinguishable from the present case. First, plaintiff herein did not even learn of any kidney injury until more than ten years after first ingesting Fiorinal and more than twenty-eight years after the drug was first marketed. In other words, the ten-year statute of repose had already extinguished any cause of action which plaintiff may have had. Unlike the situation in which an individual is injured prior to the effective date of the statute of repose, but is fraudulently prevented from filing a lawsuit for redress prior to the expiration of the ten-year period, the very injuries for which plaintiff herein seeks redress did not manifest until such time had expired.

*MacMillen* was also decided on the basis of a demurrer, which is significantly procedurally different than the present motion for summary judgment. Summary judgment does not admit all well-pleaded facts, but examines whether any material facts are in dispute and whether the moving party is entitled to judgment as a matter of law. In the present case, plaintiff's fraud cause of action alleges misrepresentation and failure to warn. The allegations themselves are the same as those generally pled in product liability actions based upon strict liability, breach of warranty and negligence. Furthermore, in response to Interrogatory No. 16 of defendant's second set of interrogatories to plaintiff, a question which sought identification of each fraudulent misrepresentation regarding Fiorinal and any documents which support such misrepresentations, plaintiff responded "Plaintiff was never told Fiorinal would cause kidney damage until February of 1981." Therefore, plaintiff's "fraud" cause of action is unsupported in the record by any specific allegations of fraudulent conduct and is substantively nothing more than a restatement of plaintiff's strict liability, negligence and breach of warranty causes of action grounded in product liability.

Based upon the foregoing, the court finds that plaintiff's fourth cause of action does not equitably estop defendant from relying on the ten-year statute of repose of Section 25–224(2). Therefore, such cause of action is similarly time-barred.

Accordingly, a separate order will be filed this date granting defendant's motion for summary judgment and dismissing the complaint.