807 F.2d 151
 Prod.Liab.Rep.(CCH)P 11,210
John PETERSON, Appellant,
v.
FULLER COMPANY; Maxon Marine and CNA Insurance Company, Appellees.
Freeman FOX, Appellant,
v.
FULLER COMPANY; Maxon Marine and CNA Insurance Company, Appellees.
Charles ROYER, Appellant,
v.
FULLER COMPANY; Maxon Marine and CNA Insurance Company, Appellees.
Steven BEINS, Appellant,
v.
FULLER COMPANY; Maxon Marine and CNA Insurance Company, Appellees.
 No. 86-1366.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 10, 1986.
Decided Dec. 17, 1986.
 
 Richard J. Bruckner, Omaha, Neb., for appellant.
 Stephen M. Bruckner, Omaha, Neb., for appellee Fuller Co.
 Melvin C. Hansen, Omaha, Neb., for appellee Maxon Marine.
 Before ROSS and FAGG, Circuit Judges, and HANSON,* Senior District Judge.
 FAGG, Circuit Judge.
 
 
 1
 Plaintiffs appeal the district court's judgment dismissing their product liability lawsuits on the ground the actions are barred by the applicable Nebraska statute of repose. See Neb.Rev.Stat. Sec. 25-224(2) (Cum.Supp.1984). We affirm.
 
 
 2
 In 1984 plaintiffs suffered hearing losses which they claim were the result of operating rotary air compressors in a confined area below the deck of a barge owned by their employer. The compressors were supplied and installed and the barge first sold for use in 1967. Plaintiffs in 1985 sued the manufacturer of the compressors, Fuller Company (Fuller), and the builder of the barge, Maxon Marine (Maxon), employing various product liability theories including defective manufacture, installation, design, and warning. CNA Insurance Company was joined as a defendant under Nebraska workmen's compensation law.
 
 
 3
 The Nebraska product liability statute of limitations and repose provides, in part:
 
 
 4
 (1) All product liability actions, except one governed by subsection (5) of this section, shall be commenced within four years next after the date on which the death, injury, or damage complained of occurs.
 
 
 5
 (2) Notwithstanding subsection (1) of this section or any other statutory provision to the contrary, any product liability action, except one governed by section 2-725, Uniform Commercial Code, or by subsection (5) of this section, shall be commenced within ten years after the date when the product which allegedly caused the personal injury, death, or damage was first sold or leased for use or consumption.
 
 
 6
 Neb.Rev.Stat. Sec. 25-224(1)-(2) (Cum.Supp.1984).
 
 
 7
 The district court determined that plaintiffs' actions were "product liability" actions within the terms of the statute, see Neb.Rev.Stat. Sec. 25-21,180 (1979), and that because the claimed hearing losses occurred some seventeen years after the compressors were first sold for use, the actions were clearly barred by the period of repose in section 25-224(2). We agree.
 
 
 8
 Plaintiffs' injuries in this case did not occur until well after the ten-year period of repose had passed. By operation of law, when the "injury [occurs] outside of the ten-year period, no substantive cause of action * * * ever exist[s]," Miers v. Central Mine Equip. Co., 604 F.Supp. 502, 505 (D.Neb.1985), and plaintiffs' actions are barred by section 25-224(2).
 
 
 9
 Plaintiffs argue, however, that the statute of repose may be equitably tolled when a defendant has fraudulently concealed information about the dangers of the product. See, e.g., Givens v. A.H. Robins Co., Inc., 751 F.2d 261, 264 (8th Cir.1984); MacMillen v. A.H. Robins Co., Inc., 217 Neb. 338, 348 N.W.2d 869, 871-72 (1984). Plaintiffs seek an evidentiary hearing or discovery to further develop facts in support of this estoppel argument.
 
 
 10
 Regardless of whether this theory was properly presented to the district court, reliance on it here is misplaced. Because the injuries for which plaintiffs seek recovery occurred after expiration of the ten-year period, plaintiffs could not have been fraudulently induced to postpone timely filing of their lawsuits. Thus, the theory of equitable tolling is unavailable under the circumstances of this case. See Groth v. Sandoz, Inc., 601 F.Supp. 453, 456 (D.Neb.1984); see also Colton v. Dewey, 212 Neb. 126, 321 N.W.2d 913, 916 (1982) (quoting Rosenberg v. Town of North Bergen, 61 N.J. 190, 293 A.2d 662, 667 (1972)) (medical malpractice statute of repose); compare Miers, 604 F.Supp. at 507 (equitable tolling available when injury occurs within ten-year period).
 
 
 11
 In a diversity case we give substantial deference to the local district court's interpretation of state law unless it is "fundamentally deficient in analysis or otherwise lacking in reasoned authority." Nelson v. Platte Valley State Bank & Trust, 805 F.2d 332, 334 (8th Cir.1986) (quoting Dabney v. Montgomery Ward & Co., Inc., 761 F.2d 494, 499 (8th Cir.), cert. denied, --- U.S. ----, 106 S.Ct. 233, 88 L.Ed.2d 232 (1985)). The district court in this case has made a sound interpretation of the relevant Nebraska statute and its judgment dismissing the actions is affirmed.
 
 
 
 *
 The HONORABLE WILLIAM C. HANSON, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation