**Julie L. BROWN, et al., Plaintiffs,**

v.

**ELI LILLY AND COMPANY,
Defendant.**

No. CV87–L–471.

United States District Court,
D. Nebraska.

Aug. 5, 1988.

Royce E. Norman, Kelley, Scritsmier, Moore & Byrne, North Platte, Neb., for plaintiffs.

Stephen E. Scheve, and Scott W. Sayler, Shook, Hardy & Bacon, Kansas City, Mo., and J. Arthur Curtiss, Baylor, Evnen, Curtiss, Grimit & Witt, Lincoln, Neb., for defendant.

## MEMORANDUM ON DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT AND FOR LEAVE TO SUBMIT A REPLY BRIEF

URBOM, District Judge.

The defendant has moved for summary judgment on the ground that Nebraska's ten-year statute of repose for products liability cases bars this action by Julie Brown against Eli Lilly and Company (Lilly) arising out of injuries allegedly caused by the drug diethylstilbestrol (DES). The undisputed facts are that Brown's mother purchased and ingested DES in 1960, that the injuries she allegedly suffered as a result were discovered in 1983, and that she filed the present suit in 1987. Brown argues that the statute of repose is unconstitutional.

Lilly moved for permission to submit a reply brief, a copy of which it delivered to the court. The motion shall be granted, as Lilly must have an opportunity to respond to Brown's defense that the statute of repose is unconstitutional. Brown opposed the motion, and requested that she be permitted to submit another brief if Lilly received permission to submit its reply brief. There presently is no motion to that effect, and I think it unnecessary for another brief to be submitted.

The challenged statute provides, in relevant part:

(1) All product liability actions, except one governed by subsection (5) of this section, shall be commenced within four years next after the date on which the death, injury, or damage complained of occurs.

(2) Notwithstanding subsection (1) of this section or any other statutory provision to the contrary, any product liability action, except one governed by section 2–725, Uniform Commercial Code or by subsection (5) of this section, shall be commenced within ten years after the date when the product which allegedly caused the personal injury, death, or damage was first sold or leased for use or consumption.

\* \* \* \* \* \*

(5) Any action to recover damages based on injury allegedly resulting from exposure to asbestos composed of chrysotile, amosite, crocidolite, tremolite, anthrophyllite, actinolite, or any combination thereof, shall be commenced within four years after the injured person has been informed of discovery of the injury by competent medical authority and that such injury was caused by exposure to asbestos as described herein, or within four years after the discovery of facts which would reasonably lead to such discovery, whichever is earlier. No action commenced under this subsection based on the doctrine of strict liability in tort shall be commenced or maintained against any seller of a product which is alleged to contain or possess a defective condition unreasonably dangerous to the buyer, user, or consumer unless such seller is also the manufacturer of such product or the manufacturer of the part thereof claimed to be defective. Nothing in this subsection shall be construed to permit an action to be brought based on an injury described in this subsection discovered more than two years prior to August 30, 1981.

Neb.Rev.Stat. § 25–224 (Reissue 1985).

Brown contends that the statute of repose violates the open courts provision of the Nebraska Constitution, Article I, § 13. The Nebraska Supreme Court has held similar statutes constitutional in *Colton v. Dewey*, 212 Neb. 126, 321 N.W.2d 913 (1982) (§ 25–222) and *Williams v. Kingery Construction Co.*, 225 Neb. 235, 404 N.W.2d 32 (1987) (§§ 25–222, –223) and has applied § 25–224(2) without question in *MacMillen v. A.H. Robins*, 217 Neb. 338, 348 N.W.2d 869 (1984). *See also Groth v. Sandoz, Inc.*, 601 F.Supp. 453 (D.Neb.1984)

(holding § 25–224(2) constitutional under *Colton* ); *Peterson v. Fuller Co.*, 807 F.2d 151 (8th Cir.1986) (applying § 25–224). Although other state supreme courts have reached different results under similar constitutional provisions, *see, e.g., Berry v. Beech Aircraft Corp.*, 717 P.2d 670, 678–83 (Utah 1985), the result under Nebraska law is clear: § 25–224(2) does not violate Article I, § 13 of the Nebraska Constitution.

■ Brown also argues, however, that § 25–224 violates the equal protection clause of the United States Constitution because it creates an exception for victims of injuries allegedly caused by exposure to asbestos who, she contends, are similarly situated with DES victims. Lilly first argues that this issue already was resolved in *Groth v. Sandoz, Inc.* Although the plaintiff in *Groth* did raise an equal protection challenge to § 25–224, the court did not analyze the issue. Instead, it discussed a Nebraska case, *Colton v. Dewey*, that upheld the constitutionality of an analogous statute of repose governing professional negligence against open courts and equal protection arguments, and concluded that

> since this Court must determine what it believes the state court would declare the law to be if the claims of unconstitutionality of the product liability statute of repose were before the state court, this Court determines as a matter of law that Section 25–224 is not unconstitutional, and the Court rejects plaintiff's argument in this regard.

601 F.Supp. at 455. There is not, therefore, decisive federal precedent holding that § 25–224 does not violate the equal protection clause. It is not necessary to reach the equal protection issue to resolve the present motion for summary judgment, however, because even if the asbestos exception violates the equal protection clause, it can be severed from the rest of the statute and Brown's claim still would be barred by § 25–224(2).

The Supreme Court has "often refused to resolve the constitutionality of a particular provision of a statute when the constitutionality of a separate, controlling provision has been upheld." *Regan v. Time, Inc.*, 468 U.S. 641, 653, 104 S.Ct. 3262, 3269, 82 L.Ed.2d 487 (1984). The "presumption is in favor of severability," *id.*, and " '[u]less it is evident that the Legislature would not have enacted those provisions which are within its power, independently of that which is not, the invalid part may be dropped if what is left is fully operative as a law.' " *Buckley v. Valeo*, 424 U.S. 1, 108, 96 S.Ct. 612, 677, 46 L.Ed.2d 659 (1976) (citation omitted). The Nebraska Legislature passed the statute of repose in 1978 but did not add the asbestos exception until 1981. Section 25–224(2) can operate and has operated independently of § 25–224(5). Thus, even if I were to hold that § 25–224(5) violates the equal protection clause, the statutory provision that presently bars Brown's lawsuit still would deny her the opportunity to litigate her claims.

■ Even if § 25–224(5), 96 S.Ct. 2562, 2567, 49 L.Ed.2d 520 is not severable, it appears certain that Brown's equal protection claim would lose on the merits under the extremely deferential rational-relation test, which presumes the constitutionality of legislative actions such as the one challenged by Brown. *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 314, 96 S.Ct. 2562, 2567, 49 L.Ed.2d 520 (1976); *Van Den Hul v. Baltic Farmers Elevator Co.*, 716 F.2d 504, 511 (8th Cir. 1983). Under the rational-relation test, " 'statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.' " *Dandridge v. Williams*, 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491 (1970). There is no evidence before me of the actual basis for the asbestos exception, although Lilly's brief quotes portions of a judiciary committee report in which legislators noted that laborers needed the opportunity to sue distant asbestos manufacturers, rather than being limited to worker compensation claims against local employers. Benefitting Nebraska laborers and limiting the drain on the State's worker compensation funds are legitimate goals, and there is nothing before me to suggest that the asbestos exception is not a rational means of pursuing those goals.

Lilly suggests that numerous other legitimate distinctions can be made between asbestos cases and DES cases, some of which have been recognized by courts holding statutes like § 25–224 constitutional against equal protection challenges. *See Kochins v. Linden–Alimak, Inc.*, 799 F.2d 1128, 1139 (6th Cir.1986) (plaintiff injured in sudden accident); *Wayne v. Tennessee Valley Authority*, 730 F.2d 392, 404 (5th Cir.1984), *cert. denied*, 469 U.S. 1159, 105 S.Ct. 908, 83 L.Ed.2d 922 (1985) (plaintiff alleged phosphate slag-related injuries). *Cf. Mathis v. Eli Lilly and Company*, 719 F.2d 134, 141 (6th Cir.1983) (statute of repose with asbestos exception does not violate due process). *See generally* Annotation, *Validity and Construction of Statute Terminating Right of Action for Product-Caused Injury at Fixed Period After Manufacture, Sale, or Delivery*, 25 A.L.R. 4th 641 (1983 & Supp. 1987). Thus, even if it was necessary to decide the equal protection question, the asbestos exception probably would withstand scrutiny under the rational-relation test.

██ Nevertheless, a "defendant's fraudulent conduct may … estop it from asserting the products liability statute of limitations." *MacMillen v. A.H. Robins*, 217 Neb. at 344, 348 N.W.2d 32; *accord Miers v. Central Mine Equipment Co.*, 604 F.Supp. 502, 507–08 (D.Neb. 1985). This estoppel based on fraudulent concealment is not available to Brown in this case, however, because the alleged fraudulently concealed information was not the reason that the case was not filed within the ten-year period, as the injury had not even been discovered during that period. *See Peterson v. Fuller Co.*, 807 F.2d 151, 153 (8th Cir.1986). *Cf. Givens v. A.H. Robins Co.*, 751 F.2d 261 (8th Cir.1984) (reversing grant of summary judgment; issue of fact whether insertion of second Dalkon Shield in 1973 when injury arose amounted to fraudulent concealment tolling four-year statute of limitations in § 25–224(1) and thus permitting suit in 1980).