DONALD L. OHNSTAD, SPECIAL ADMINISTRATOR OF THE ESTATE
OF DARIN OHNSTAD, DECEASED, APPELLANT, V. OMAHA PUBLIC
SCHOOL DISTRICT NO. 1 OF DOUGLAS COUNTY AND RALSTON
PUBLIC SCHOOL DISTRICT OF DOUGLAS COUNTY, APPELLEES.

442 N.W.2d 859

Filed July 14, 1989.    No. 87-995.

Michael L. Schleich and Amy S. Bones, of Fraser, Stryker,
Veach, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., for
appellant.

Dean F. Suing, of Katskee & Henatsch, for appellee Ralston
Public School District.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN,
and FAHRNBRUCH, JJ.

WHITE, J.
This appeal arises from an action brought under the
Nebraska Political Subdivisions Tort Claims Act, Neb. Rev.
Stat. §§ 13-901 et seq. (Reissue 1987). The plaintiff's son, Darin
Ohnstad, died from injuries sustained in a tragic pole-vaulting
accident while participating at the 1983 Metro Conference track
meet. Darin, a 17-year-old student at Ralston High School,

suffered severe head injuries when he fell headfirst into a metal pole-planting box, which resulted in his death 6 days later. The plaintiff, Donald L. Ohnstad, as the duly appointed special administrator of his son's estate, filed notices of a tort claim with the defendants, Omaha Public School District No. 1 of Douglas County and Ralston Public School District of Douglas County, which denied liability. The plaintiff then filed suit in the district court for Douglas County, alleging that the defendants were negligent because one of their employees, Ralston High School's head track coach Gary Dubbs, failed to properly supervise and instruct Darin in the pole vault event. Specifically, in his petition the plaintiff contended that the defendants were negligent in (1) failing to have the pole vault event properly staffed with duly qualified and competent instructors and coaches, (2) failing to properly instruct and warn Darin of the risks attendant to the pole vault event, (3) failing to properly instruct Darin in the techniques of pole vaulting, (4) failing to properly supervise Darin when he was pole vaulting, (5) failing to instruct Darin in the proper placing of the pole vault standards, and (6) failing to provide Darin with proper and safe equipment to use while pole vaulting.

Omaha Public School District No. 1 was dismissed from the case after its motion for summary judgment was granted. The case proceeded against the defendant Ralston Public School District. The trial court, sitting without a jury, found for the defendant. In its order the court stated that

> the proximate cause of Darin's injuries was his own action of jumping with a low, late plant and attempting to complete a successful vault after he had made the defective plant with the pole. . . .
>
> . . . .
> The Court further finds the defendant's negligence, if any, was not the proximate cause of the accident; that in any event, Darin Ohnstad's negligence was more than slight and defendant's, if any, less than gross by comparison.

The plaintiff's motion for a new trial was overruled, and this appeal resulted.

The plaintiff assigns four errors. Since these errors all present issues of fact and not law, the plaintiff's sole

consolidated assignment of error is whether there was sufficient evidence to support the court's finding.

> "A district court's factual findings in a case brought under the Political Subdivisions Tort Claims Act will not be set aside unless such findings are clearly incorrect. [Citations omitted.]
>
> In a bench trial of a law action, the court, as the 'trier of fact,' is the sole judge of the credibility of witnesses and the weight to be given their testimony. Among the factors entering into the trial court's resolution of any conflicts of evidence are such items as the respective interests of the parties in the litigation; the demeanor of witnesses, including the parties, while testifying before the court; the apparent fairness exhibited by witnesses; the extent to which testimony of various witnesses is corroborated; and the reasonableness or unreasonableness of testimony from the witnesses. [Citations omitted.] 'In reviewing a judgment awarded in a bench trial, the Supreme Court does not reweigh evidence but considers the judgment in the light most favorable to the successful party and resolves evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence.' "

*Zeller v. County of Howard*, 227 Neb. 667, 669-70, 419 N.W.2d 654, 656 (1988).

In support of his consolidated assignment of error, the plaintiff contends that there was insufficient evidence to support the trial court's finding that Darin was contributorily negligent. The plaintiff has misinterpreted the trial court's findings. Despite language in the court's opinion indicating that Darin's negligence was more than slight in comparison to the appellee Ralston's, the thrust of the opinion is that Darin's actions, not Ralston's, were the proximate cause of the accident. Whether Darin was contributorily negligent is irrelevant. Our review of the record demonstrates that there was sufficient evidence to support a finding that Darin proximately caused the accident without being contributorily negligent. Therefore, the plaintiff's contention is without merit.

Though the plaintiff raised five allegations of negligence on

the part of the appellees in his petition, the evidence adduced at trial focused on only two allegations. First, that Coach Dubbs was negligent in instructing Darin where to place the standards on the day of the track meet and, second, that Coach Dubbs provided Darin with an improper pole. Specifically, the plaintiff asserted that the standards, the devices used to hold the crossbar, were placed too far forward, causing Darin to fall into the vaulting box rather than the matted pit, and that Darin was overweight for the type of pole he was using that day.

There is sufficient evidence to support the court's findings. The appellees produced three expert witnesses, who testified that the cause of the accident was a low, late pole plant and that the placement of the standards did not contribute to the accident. Further, two expert witnesses were of the opinion that Darin was using the correct pole at the time of the accident.

We cannot say, given the state of the evidence, that the trial court's findings are clearly incorrect. Accordingly, the judgment of the district court for Douglas County is affirmed.

AFFIRMED.

GRANT, J., not participating.