ECONOMY HOUSING COMPANY, INC., A NEBRASKA CORPORATION, APPELLANT AND CROSS-APPELLEE, V. RONALD ROSENBERG, APPELLEE AND CROSS-APPELLANT.

475 N.W.2d 899

Filed October 18, 1991.   No. 89-377.

Joseph B. Muller, of The Law Offices of Ronald J. Palagi, P.C., for appellant.

Robert M. Slovek, of Sodoro, Daly & Sodoro, for appellee.

HASTINGS, C.J., BOSLAUGH, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

In April and June 1978, plaintiff, Economy Housing Company, Inc., purchased prepainted plywood panels from Continental Forest Products. In the summer of 1979, Economy

discovered that the panels were defective because the paint was peeling. Economy retained defendant, Ronald Rosenberg, at some time prior to April 10, 1981, to represent it in its claim against Continental Forest. After determining that negotiations would be futile, Rosenberg decided it would be necessary to file a lawsuit. Unknown to Economy, Rosenberg did not file.

Economy's representative, G.H. Magruder, had been actively assured by Rosenberg that the lawsuit had indeed been filed and that Rosenberg was taking all the necessary steps in handling the matter. Magruder had become frustrated with Rosenberg's slow pace and, in August 1982, requested that a partner of Rosenberg's, Robert Gibson, take responsibility for the case. In January 1983, Magruder fired Rosenberg and formally terminated Rosenberg's involvement.

In April 1983, Gibson filed a complaint for Economy, but in October, Continental Forest filed a motion for summary judgment, raising the statute of limitations as barring the claim, which motion was sustained in May 1984.

The legal malpractice action currently before us, which alleges Rosenberg's negligence in failing to file suit against Continental Forest prior to the April 28, 1982, deadline, see Neb. U.C.C. § 2-725 (Reissue 1980), was filed October 5, 1984, and an amended and substituted petition was filed November 2. At a trial on the issue of the statute of limitations, the court found that the statute of limitations had run as of April 28, 1984, on Economy's claim of professional negligence against Rosenberg. See Neb. Rev. Stat. § 25-222 (Reissue 1989). Accordingly, the trial court dismissed the matter and overruled appellant's motion for new trial.

The appellant, Economy, assigns as error that the district court erred in its application of the continuous representation rule to determine that the statute of limitations had expired prior to January or February 1985, and in denying appellant's request for a jury trial on the statute of limitations issue.

Appellee, on cross-appeal, submits that the district court erred in its failure to sustain appellee's motion for directed verdict at the close of all the evidence at the statute of limitations trial.

Appellant argues that according to the continuous treatment rule, its cause of action against attorney Rosenberg did not accrue until January 1983, the month in which Economy formally fired Rosenberg, terminating his representation of Economy's claim against Continental Forest. According to this theory, the statute of limitations would not run until January 1985, thereby making the October 1984 filing timely.

We find this argument unpersuasive. We have held that in the determination of whether a cause of action is barred by the statute of limitations, the continuous treatment or continuous representation rule is inapplicable where the claimant discovers the alleged negligence prior to the termination of the professional relationship. See *Kelly Klosure v. Johnson Grant & Co.*, 229 Neb. 369, 427 N.W.2d 44 (1988). Here, as in *Kelly Klosure*, the individuals involved were fully informed and knowledgeable business people. The party claiming to have been wronged, Economy, knew of the alleged negligence of its attorney, Rosenberg, for some time prior to the termination of the professional relationship. Economy may not avail itself of the continuous representation rule, as the tort committed was not continuous nor unlikely to be discovered prior to the termination of the professional relationship. To hold otherwise would merely encourage clients to sit on their hands, with full knowledge of negligence on the part of the professional who is serving them, knowing that the clock would not start to run on their claim until they actually fired the practitioner. Overwhelming evidence exists in the record to support appellee's contention that Economy was apprised of or was put on inquiry of Rosenberg's negligence as early as August 1982, and possibly earlier.

In *Board of Regents v. Lueder Constr. Co.*, 230 Neb. 686, 433 N.W.2d 485 (1988), we stated that the discovery exception to the statute of limitations was inapplicable, as plaintiff discovered facts constituting the basis of its cause of action within 2 years from the alleged act of negligence. We further found that it was not necessary that the plaintiff have knowledge of the exact nature or source of the problem, but only that a problem existed. Magruder alleged that he had visited Rosenberg every other week or as frequently as twice a

week during the 2-year period during which Rosenberg allegedly assured Magruder that he was on top of the case and that the suit would be coming up for trial at any time.

Nothing had transpired to indicate progress was being made on the case over a period of 2 years; Magruder should have been put on notice and, in fact, was. He had become sufficiently suspicious that a problem existed that, although he fired Rosenberg in January 1983, he hired Gibson to handle the case by at least August 1982. Gibson testified that he had confirmed Magruder's suspicions about Rosenberg in August 1982, when he informed Magruder that Rosenberg had not filed any suit.

Economy's discovery of Rosenberg's negligence occurred approximately 4 months after Rosenberg actually failed to timely file suit and 5 months prior to Economy's formal termination of Rosenberg's services. Magruder admitted that his discovery occurred well within the 2-year statute for professional negligence, and Gibson corroborated this, so the statute of limitations is not tolled.

The appellant discovered its attorney's negligence 4 months after the claim accrued in April 1982, yet still failed to file its claim by April 1984. We hold that appellant's claim against . Rosenberg is time barred.

We do not address the appellant's error assignment that it was deprived of a jury trial. As a matter of law, when reasonable persons can reach only one conclusion, questions of fact which would normally be submitted to a jury become questions of law for the court to decide. *City of Hazelton v. Daugherty*, 275 N.W.2d 624 (N.D. 1979). Thus, it is unnecessary to decide the issue. In view of our disposition of this case, it is also unnecessary to address appellee's cross-appeal.

The judgment below is affirmed.

AFFIRMED.

WHITE, J., participating on briefs.