600 So.2d 1144 (1992)
Sharon HAMPTON, Appellant,
v.
Roland William PAYNE, Jr., Spence, Payne, Masington & Grossman, P.A. and Spence, Payne Masington & Needle, P.A., Appellees.
No. 90-331.
District Court of Appeal of Florida, Third District.
May 12, 1992.
Rehearing Denied July 28, 1992.
*1145 Lionel Barnet, Miami, for appellant.
Stephens, Lynn, Klein & McNicholas and Robert M. Klein, Miami, for appellees.
Before BARKDULL, HUBBART and FERGUSON, JJ.

REVISED OPINION ON REHEARING
FERGUSON, Judge.
This appeal is brought from a dismissal of a legal malpractice action on the ground that the cause is barred by section 95.11(4)(a), Florida Statutes (1989), the two-year professional malpractice statute of limitations. We affirm based on facts set forth in the complaint.
Hampton, a police officer who was injured in the scope of employment, applied to the City of Miami for a disability pension. The application was denied on March 19, 1977. No appeal was taken. Several months later, with that administrative action apparently abandoned, she retained the appellee Payne. On September 7, 1977, the City of Miami notified Hampton that she was being terminated. After an administrative hearing before the Departmental Disciplinary Review Board, she was terminated effective October 10, 1977. Again, no appeal was taken.
On September 22, 1977, Hampton, through Payne, reapplied to the City of Miami for a disability pension which was denied on August 30, 1979. On January 22, 1980, Hampton appeared before the Civil Service Board seeking reinstatement. On December 9, 1980, the Board determined that it lacked jurisdiction because Hampton failed to timely appeal her dismissal.
On August 25, 1981, Hampton, through Payne, filed a circuit court action seeking a declaration of entitlement to a disability retirement pension. Eight months later, in April, 1982, Hampton discharged Payne and retained a new attorney to represent her in the Declaratory Judgment case. After Hampton lost the circuit court action, she appealed to this court. We affirmed the Declaratory Judgment on July 12, 1988, holding that (1) there was competent and substantial evidence to support the trial court's conclusion that Hampton was not permanently and totally disabled and therefore not entitled to a pension, (2) she was discharged because of her own asserted inability to perform the duties of a police officer, and (3) she had waived her right to challenge the denial of her application for a disability retirement pension by not appealing from the adverse administrative ruling.
In March, 1989, Hampton brought this malpractice action against Payne, alleging that his failure to timely appeal the 1977 and 1979 administrative determinations "fell below the standards of an attorney practicing in this jurisdiction and was the cause of Plaintiff's damages herein."
It appears from the face of the complaint that the cause of action is barred as a matter of law. It is alleged in paragraph seventeen of the complaint that on December 9, 1980, the Civil Service Board "determined that it lacked jurisdiction based on Hampton's timely failure to appeal her dismissal and could not grant Hampton an evidentiary hearing on that dismissal." That early administrative ruling was both notice to Hampton of a negligent act which, alone, was sufficient to commence the limitation period, see University of Miami v. Bogorff, 583 So.2d 1000 (Fla. 1991), and was *1146 the appellate confirmation of alleged attorney error for the purpose of establishing the existence of a redressable harm. See Haghayegh v. Clark, 520 So.2d 58 (Fla. 3d DCA 1988); Diaz v. Piquette, 496 So.2d 239 (Fla. 3d DCA 1986) (no legal malpractice cause of action shall be deemed to have accrued until the existence of redressable harm has been established), rev. denied, 506 So.2d 1042 (Fla. 1987). The 1982 declaratory judgment action was not a continuation of the administrative action.
Further, when Hampton discharged Payne in 1982  six years before the filing of this lawsuit  she was aware of the facts which she now claims were acts of malpractice. The statute of limitations would have begun to run when she replaced Payne with a new attorney. See Peat, Marwick, Mitchell & Co. v. Lane, 565 So.2d 1323, 1327 (Fla. 1990); Sawyer v. Earle, 541 So.2d 1232 (Fla. 2d DCA) (statute of limitations applicable to legal malpractice action began to run at the time client replaced the attorney), cause dismissed, 545 So.2d 1368 (Fla. 1989). After 1982, Hampton could no longer avail herself of the continuous representation rule to toll the two-year statute of limitations. See Economy Housing Co. v. Rosenberg, 239 Neb. 267, 475 N.W.2d 899 (1991).
Affirmed.
BARKDULL, J., concurs.
HUBBART, Judge (dissenting).
I must respectfully dissent; I would deny the defendant's motion for rehearing and adhere to our original opinion previously released in this case. Hampton v. Payne, 16 F.L.W. 315, 1991 WL 7702 (Fla. 3d DCA Jan. 29, 1991). In that opinion, we reversed the trial court's order dismissing the plaintiff Sharon Hampton's legal malpractice complaint and remanded the cause for further proceedings upon a holding that the action pled therein was not barred, as a matter of law, by the statute of limitations. The legal reasoning which was employed to reach that result seems to me unassailable, to wit:
"Section 95.11(4)(a), Florida Statutes (1989), establishes a two-year limitations period for professional malpractice actions, other than medical malpractice. The two-year period begins to run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence. In examining this provision, we have previously held that the statute of limitations for legal malpractice does not begin to run until a decision adverse to the plaintiff [involving the claimed malpractice] is affirmed at the appellate level. Haghayegh v. Clark, 520 So.2d 58 (Fla. 3d DCA 1988); Arrow v. Faye, 422 So.2d 932 (Fla. 3d DCA 1982), rev. denied, 434 So.2d 887 (Fla. 1983). See also Richards Enters., Inc. v. Swofford, 495 So.2d 1210 (Fla. 5th DCA 1986), cause dismissed, 515 So.2d 231 (Fla. 1987).

Hampton contends, correctly, that she was effectively precluded from pursuing the malpractice action until the adverse decision in her declaratory judgment action [which would have cured the claimed malpractice] was affirmed on appeal. Had we determined that Hampton was entitled to a merit hearing on the claim for a disability pension, a malpractice suit against the appellee would have been foreclosed. Since the appellate opinion affirming the adverse decision in the declaratory judgment action was not rendered until July 12, 1988, the March 1989 malpractice action was filed within the two-year period prescribed by section 95.11(4)(a). Richards Enters., 495 So.2d 1210.
* * * * * *

A contrary holding would sanction a practice by an attorney, who realizes that he or she committed malpractice, of filing futile post-act causes of action which serve no purpose other than to lull the client into inaction until the two-year time period has expired. A professional will not be permitted to escape liability for negligence by such means. See Burnside v. McCrary, 382 So.2d 75 (Fla. 3d DCA 1980); Smith v. Hussey, 363 So.2d 1138 (Fla. 2d DCA 1978)."
*1147 16 F.L.W. at D316 (emphasis added). I rely on this reasoning as the basis for my dissent from today's decision on rehearing.