# DICK GILLAM, APPELLANT, V. FIRESTONE TIRE & RUBBER COMPANY, A CORPORATION, ET AL., APPELLEES.

489 N.W.2d 289

Filed September 4, 1992.    No. S-89-1375.

Walter E. Zink II, of Baylor, Evnen, Curtiss, Grimit & Witt, and Randy W. James, of John C. Risjord & Associates, P.C., for appellant.

Mark A. Christensen, of Cline, Williams, Wright, Johnson & Oldfather; Frances E. Prell and Julie P. Shelton, of Burke, Bosselman & Weaver; Thomas P. Schult, of Bryan, Cave, McPheeters & McRoberts; and, on brief, Richard D. Sievers, of Bruckner, O'Gara, Keating, Sievers & Hendry, for appellees Firestone Tire & Rubber Company and the Budd Company.

BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ., and COLWELL, D.J., Retired.

BOSLAUGH, J.

The plaintiff, Dick Gillam, was injured in an accident on May 16, 1983, while employed by defendant T.O. Haas Tire Co., Inc., as a tire repairman. The plaintiff had been directed to repair a tire on a truck owned by defendant Dennis Rusho. An "RH5 degree" multipiece wheel mounted on the truck exploded when the plaintiff attempted to inflate the tire mounted on the wheel.

The RH5 degree multipiece wheel consisted of two components, a disk/rim and a side ring. The disk had been manufactured by defendant the Budd Company, and the rim and side ring had been manufactured by defendant Firestone Tire & Rubber Company.

The disk had been attached to the rim by Budd on April 11, 1955. The side ring was manufactured by Firestone in March 1965.

This action was commenced on May 11, 1987.

The record shows that at the time of the accident, the plaintiff had worked in the tire servicing business for many years. He had learned and usually followed the safety rules necessary to protect himself on the job.

The plaintiff knew that when he inflated a truck tire, the tire and wheel assembly should be placed in a protective safety cage. He also knew that he should use a clip-on air chuck during inflation so that he could stand away from the tire and wheel components. Although the plaintiff testified he followed these

safety practices throughout his career, he did not do so on the day of the accident.

The only issue which the trial court determined was whether the action was barred by the 10-year statute of repose, see Neb. Rev. Stat. § 25-224(2) (Reissue 1989). That issue was tried separately, pursuant to Neb. Rev. Stat. § 25-221 (Reissue 1989).

The trial court heard the matter without a jury and found that the action was barred. The plaintiff has appealed from the order dismissing the action.

The plaintiff assigns as error the trial court's finding that the action against Firestone and Budd was barred by § 25-224(2), the trial court's failure to find that Firestone and Budd should be estopped from raising the statute of repose as a defense, the trial court's failure to find that § 25-224(2) is unconstitutional, and the trial court's denial of his request for a jury trial on the statute of repose issue.

Section 25-224(2) provides in part that "any product liability action . . . shall be commenced within ten years after the date when the product which allegedly caused the personal injury, death, or damage was first sold or leased for use or consumption."

The evidence is uncontroverted that the wheel was mounted on a 1969 Ford truck. The first owner of this truck was Jennings Truck Line of Des Moines, Iowa, which received a manufacturer's title on April 24, 1969. The vehicle was then titled on November 14, 1970, to Ivan and Catherine Snook of Promise City, Iowa. On October 21, 1976, Lentz Chevrolet, Inc., of Indianola, Iowa, acquired the truck as a trade-in from the Snooks. The truck remained on the Lentz Chevrolet lot until August 17, 1977, when it was sold to Dahlberg Motors, Inc., of Lincoln, Nebraska. On October 15, 1977, Dahlberg sold the truck to Rusho.

All of the prior owners, except Jennings Truck Line, testified that they had never replaced any of the wheels on the truck and that the wheels that were on the truck when each owner acquired it were the same ones on the truck when it was sold or traded by each of them.

The 10-year statute of repose begins to run when the product is first relinquished for use or consumption. *Witherspoon v.*

*Sides Constr. Co.*, 219 Neb. 117, 362 N.W.2d 35 (1985). Where the injury occurs within the 10-year period, and a claimant commences his or her action after the 10 years have passed, an action accrues but is barred. *Miers v. Central Mine Equipment Co.*, 604 F. Supp. 502 (D. Neb. 1985). Where the injury occurs outside the 10-year period, no substantive cause of action ever accrues, and a claimant's actions are likewise barred. *Peterson v. Fuller Co.*, 807 F.2d 151 (8th Cir. 1986).

The only issue before the trial court was whether the 1955 disk/rim assembly and the 1965 side ring had been first sold for use more than 10 years before the plaintiff filed his petition on May 11, 1987. All of the witnesses with personal knowledge of the use of the 1969 Ford truck testified that the wheel assemblies on the truck were not changed during their period of ownership, establishing that the wheel assembly which was involved in the accident had been first sold for use more than 10 years before the plaintiff commenced this action. The plaintiff offered no contrary evidence to show that the wheel assembly involved in the accident was first sold for use during the statutory period. The trial court's finding that the action against Firestone and Budd was barred by the statute of repose was correct.

In a bench trial of an action at law, factual findings by the trial court have the effect of a jury verdict and will not be disturbed on appeal unless they are clearly wrong. *Heese Produce Co. v. Lueders*, 233 Neb. 12, 443 N.W.2d 278 (1989). In reviewing a judgment from a bench trial, an appellate court " ' " ' does not reweigh evidence but considers the judgment in the light most favorable to the successful party and resolves evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence.' " ' " *Ohnstad v. Omaha Public Sch. Dist. No. 1*, 232 Neb. 788, 790, 442 N.W.2d 859, 861 (1989).

The plaintiff contends that the trial court's denial of his request for a jury trial on the issue of the statute of repose was in violation of article I, § 6 of the Nebraska Constitution.

Section 25-221 provides in part:

> In any action in which it is claimed by one or more of the defendants that the action is barred by the statute of

limitations any party may move that the issue raised thereby be tried separately and before any other issues in the case are tried and in such event *the court shall proceed to determine the issue relating to the statute of limitations before trying other issues in the case.*

(Emphasis supplied.)

Relying on the emphasized language, the trial court denied the plaintiff's demand for a jury trial on the statute of repose issue. We conclude that the plaintiff was not entitled to a jury trial on the issue of the statute of repose.

> "A statute is not to be read as if open to construction as a matter of course. Where the words of a statute are plain, direct, and unambiguous, no interpretation is needed to ascertain the meaning. In the absence of anything to indicate the contrary, words must be given their ordinary meaning. It is not within the province of a court to read a meaning into a statute that is not warranted by the legislative language. Neither is it within the province of a court to read anything plain, direct, and unambiguous out of a statute."

*County of Douglas v. Board of Regents,* 210 Neb. 573, 577-78, 316 N.W.2d 62, 65 (1982).

It is clear that "Nebraska Revised Statute 25-221 provides for preliminary rulings by the court on statute of limitation questions." *Mattice v. Messer,* 493 F.2d 498, 499 (8th Cir. 1974).

In *Economy Housing Co. v. Rosenberg,* 239 Neb. 267, 475 N.W.2d 899 (1991), the issue of the statute of limitations in a legal malpractice action had been tried to the court. We held it was unnecessary to address the appellant's claim that it was error to deny that it was deprived of a jury trial on the issue because as a matter of law, when reasonable persons can reach only one conclusion, questions of fact which would normally be submitted to a jury become questions of law for the court to decide.

The evidence in this case on the issue of the statute of repose is uncontroverted that the products had been in use for more than the statutory period. The evidence on which the trial court based its decision to dismiss the plaintiff's action was such that reasonable minds could draw but one conclusion.

Relying on *MacMillen v. A. H. Robins Co.*, 217 Neb. 338, 348 N.W.2d 869 (1984), the plaintiff argues that Firestone and Budd should be estopped from relying on the statute of repose because they fraudulently concealed the dangers of the RH5 degree wheel from him.

In *MacMillen*, a Dalkon Shield, an intrauterine contraceptive device, had been placed in the plaintiff in March 1971. Seven years later, in November 1978, the plaintiff's physician diagnosed an abscess and infection in her uterus which required major surgery. At the time of her injury, the product liability statute of repose had not run, and the plaintiff had a viable cause of action. However, the plaintiff did not file the lawsuit until more than 3 years later, which then was more than 10 years after the date when the intrauterine device had been implanted. The amended petition alleged that the defendant had intentionally withheld information from the public regarding the dangers inherent in the use of the Dalkon Shield. The trial court sustained the demurrer to the amended petition and dismissed the petition. This court reversed the trial court's decision and held, " ' "One who wrongfully conceals a material fact necessary to the accrual of a cause of action against him, and such concealment causes the opposite party to delay the filing of suit, cannot avail himself of the statutes of limitation as a defense;" . . . .' " *Id.* at 341, 348 N.W.2d at 871.

In an effort to support his position that Firestone's and Budd's alleged fraudulent concealment estopped them from raising the statute of repose defense, the plaintiff offered a series of exhibits purporting to show a history of deceptive conduct by Firestone and Budd. The trial court excluded this evidence, finding plaintiff's fraudulent concealment claim to be without merit. The plaintiff has not assigned the trial court's exclusion of this evidence as error.

The record shows that the plaintiff knew that his injury was caused by the separation of the tire and the wheel components. He admitted he knew that if a truck tire and wheel assembly separated during the inflation of a tire, he could be injured or killed. The RH5 degree wheel had the reputation of a "widowmaker."

This case is distinguishable from *MacMillen*. The danger in

servicing the wheel involved in this accident was not fraudulently concealed from the plaintiff, other tire mechanics, or the public. The danger involved was the subject of a published federal OSHA standard.

There is no evidence that Firestone and Budd did anything to delay or prevent the plaintiff from bringing his lawsuit. The finding of the trial court that the plaintiff's fraudulent concealment theory lacked merit was correct.

The plaintiff asserts that § 25-224(2) is unconstitutional. This issue was decided recently in *Spilker v. City of Lincoln*, 238 Neb. 188, 469 N.W.2d 546 (1991), which held that § 25-224(2) is constitutional. See, also, *Radke v. H. C. Davis Sons' Mfg. Co.*, *ante* p. 21, 486 N.W.2d 204 (1992).

The judgment is affirmed.

AFFIRMED.

WHITE, J., dissenting.

I dissent from that part of the opinion which suggests in dicta that the issue of the bar of the statute of repose is triable to a judge and not to a jury. The practice violates Neb. Const. art. I, § 6.

SHANAHAN, J., joins in this dissent.