REQUESTED BY: J. Michael Jess, Director, Nebraska Department of Water Resources
You have inquired whether the water well permit requirements set forth in Neb. Rev. Stat. §§ 46-636 and 46-637 (1993) are applicable to any replacement well drilled after September 9, 1993, that replaces a well in existence prior to that time. We are of the opinion that replacement water wells drilled after September 9, 1993, are not exempt from the statutory permit requirements.
Section 46-636 sets forth the Legislature's finding that "the pumping of water for irrigation purposes from water wells located within fifty feet of the bank of any natural stream may have a direct effect on the surface flow of such stream."
In view of this finding, § 46-637 requires that:
 The use of water described in section 46-636 may only be made after securing a permit from the Department of Water Resources for such use. In approving or disapproving applications for such permits, the Director of Water Resources shall take into account the effect that such pumping may have on the amount of water in the stream and its ability to meet the requirements of appropriators from the stream. This section shall not apply to water wells located within fifty feet of the bank of any natural stream which were in existence on September 9, 1993.
(emphasis added). The clear language of § 46-636 does not exempt the owner of any water well constructed after September 9, 1993, from the requirement of securing a permit — to include the owner of a replacement water well.
The meaning of a statute is to be ascertained from the entire language of a statute considered in its plain, ordinary, and popular sense. In re Application of Jantzen, 245 Neb. 81,511 N.W.2d 504 (1994). Additionally, when the words used are plain, direct, and unambiguous, no interpretation is necessary or will be indulged in to ascertain their meaning. Rosse v.Rosse, 244 Neb. 967, 510 N.W.2d 73 (1994). In considering and applying a statute, it is not within the province of a court or others to read a meaning into a statute that is not warranted by the legislative language or to read anything plain, direct, and unambiguous out of the statute. Gillam v. Firestone Tire Rubber Co., 241 Neb. 414, 489 N.W.2d 289 (1992).
Based upon these statutory rules of construction, we believe that when the Legislature enacted the permit requirements for wells constructed after September 9, 1993, it intended to exempt or "grandfather" only those wells in existence prior to that date from the permit requirements set forth above. Therefore, we conclude that owners of replacement or other wells constructed after September 9, 1993, that are within fifty feet of the bank of any natural stream, must obtain a permit.
Sincerely,
 DON STENBERG Attorney General
 Marie C. Pawol Assistant Attorney General
Approved By:
Don Stenberg
Attorney General